[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 1, 1997
One of the defendants, Beverly Pomroy, moves to strike the fourth count of the complaint, which count purports to impute vicarious liability for reckless or deliberate misconduct in the operation of a motor vehicle resulting in injuries to the plaintiff. This defendant's contention is that, as a matter of law, punitive or exemplary damages responsibility cannot be imputed to the nonoperator owner of the offending vehicle. The court agrees.
The complaint alleges that another defendant, Wendy Pomroy, the daughter of Beverly, operated the family car, owned by Beverly, in a reckless manner causing an accident resulting in injury to the plaintiff. The fourth count attempts to impose on Beverly liability for multiple damages under § 14-295 for the alleged reckless operation by her daughter under the family car doctrine. CT Page 7223
At common law no punitive or exemplary damages were assessable against owners for the acts of their agents if the owner's liability was purely vicarious, Maisenbacher v. SocietyConcordia, 71 Conn. 369, 379 (1899). With respect to vehicles, however, vicarious responsibility for such damages was, at one time, specifically imposed statute where the driver failed to pay the damages, Levik v. Norton, 51 Conn. 461, 469 (1883). This statute eventually evolved into § 14-295 and § 14-154a, among others, Gionfriddo v. Rent A Car Systems, Inc.,192 Conn. 280, 287, fn. 3 (1984). As noted, during the early nineteenth and twentieth centuries, owners of vehicles were expressly liable for enhanced damages for the egregious operation of their vehicle by their agents if the agents were unable to pay those damages, id.
In 1925, however, this imputed responsibility was eliminated except for owners who leased vehicles, id.
A cause of action derived from statute cannot be judicially expanded to apply to situations for which the legislature has declined to provide relief, Cook v. Collins Chevrolet, Inc.,199 Conn. 245, 251 and 252 (1986). The language of § 14-295
speaks only of multiplied damages against those who drive recklessly. That text contrasts starkly with the language of § 14-154a which creates "statutory suretyship" by stating that the owner-lessor of a car is "liable . . . to the same extent as the operator . . ." If the legislature wished to impute to owners multiplied damages in all contexts, it knew how to do so having done so in related areas.
Given the absence of language specifying responsibility for punitive or exemplary damages for nonoperator owners in §14-295 and the evolution of § 14-154a which formerly imposed such responsibility on all owners and later restricted its effect to rental situations, the court concludes, as a matter of law, the multiplied damages provisions of § 14-295 are inapplicable to nonoperator owners whose liability stems solely from the family car doctrine.
The motion to strike is Granted.
SFERRAZZA, J.