[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a consolidated personal injury and wrongful death action arising out of a two-car accident between Robert P. Sullivan and Sarah B. Scully on September 17, 1994, on Thomaston Avenue in Waterbury, Connecticut. In addition to the above-captioned action, three other lawsuits were commenced as a result of the accident:Roxie McSwain, Admx. v. Robert P. Sullivan, Docket No. 128536; JoAnneScully, Admx. v. Robert P. Sullivan, Docket No. 124665; and CrystalPalomba, Admx. v. Robert P. Sullivan, Docket No. 127743. On December 12, 1995, the court (Flynn, J.) consolidated all four cases.
David Caleb McSwain, the owner of the vehicle driven by the deceased Sarah B. Scully, is a defendant in all four cases. He has filed motions for summary judgment in the above-captioned file, Robert P. Sullivan v. Joanne P. Scully, Docket No. CV 95-125823, and in Crystal Palomba, Admx. v. Robert P. Sullivan, Docket No. CV 95-127743. This decision is limited to those two motions.
The following facts are relevant to all four complaints: CT Page 3982
On September 17, 1994, shortly after 11:00 p. m., Robert Sullivan was driving northbound on Thomaston Avenue in an Oldsmobile automobile owned by Joseph and Mary Sullivan. At the same time, Sarah B. Scully was driving southbound on Thomaston Avenue in a 1989 Ford Probe owned by the movant, David Caleb McSwain. Carla Palomba and David Christopher McSwain were passengers in the car driven by Sarah B. Scully. On Thomaston Avenue, the McSwain and the Joseph and Mary Sullivan automobiles collided. Robert P. Sullivan was seriously injured, and Sarah B. Scully, Carla Palomba and David Christopher McSwain were killed in the accident.
Counts one of Robert Sullivan's March 1, 1996 amended complaint and count four of Crystal Palomba's March 29, 1996 revised complaint sound in negligence against Mr. McSwain. Count two of Robert Sullivan's complaint and count five of Crystal Palomba's complaint allege recklessness against Mr. McSwain, pursuant to Connecticut General Statutes ("C.G.S."), §§52-183 and 14-295. Count six of Crystal Palomba's complaint is a claim for common law recklessness. Both complaints claim that Mr. McSwain is liable because Sarah B. Scully operated his vehicle as his agent, servant, or employee or with his permission. Crystal Palomba alone contends that Mr. McSwain is liable under the family car doctrine, C.G.S. § 52-182.[1]
Mr. McSwain filed a motion for summary judgment and a supporting affidavit and memorandum of law on May 27, 1997 with respect to counts one and two of Robert Sullivan's action (Docket No. CV 95-125823) and counts four, five and six of the lawsuit brought by Crystal Palomba, administratrix of the estate of her sister, Carla Palomba (Docket No. CV 95-127743). Mr. McSwain moves for summary judgment on the following grounds: 1) Sarah Scully did not operate Mr. McSwain's vehicle with his permission, nor was she his agent, servant or employee; and 2) an owner of a motor vehicle is not vicariously liable for the reckless operation of a motor vehicle by its operator; and 3) Sarah Scully did not operate Mr. McSwain's automobile under the family car doctrine. Robert Sullivan filed a memorandum in opposition to Mr. McSwain's motion on October 27, 1997 and Crystal Palomba joined in that motion on November 19, 1997 without filing her own memorandum of law.
Discussion
CT Page 3983
"[A] motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989).
The movant has the burden of demonstrating the absence of any genuine issue of material fact. Gupta v. New BritainGeneral Hospital, 239 Conn. 574, 582, 697 A.2d 111 (1996). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact . . ." (Internal quotation marks omitted.) Miller v. United Technologies Corp. , 233 Conn. 732,751-52, 660 A.2d 810 (1995). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988).
 A. Mr. McSwain's Liability Under General Statutes § 52-183: Presumption of Agency
Mr. McSwain moves for summary judgment on count one of Robert Sullivan's complaint and count four of Crystal Polomba's complaint on the ground that Sarah Scully did not operate his vehicle pursuant to General Statutes § 52-183.[2] Mr. McSwain alleges in his affidavit that Sarah Scully did not operate his vehicle as an agent, servant or employee of Mr. McSwain, nor did Sarah Scully have Mr. McSwain's permission to operate his vehicle. According to Mr. McSwain, his affidavit is sufficient to rebut the General Statutes § 52-183 presumption that the operator of a motor vehicle is the agent and servant of the owner and is operating the vehicle in the course of his employment. Robert Sullivan counters that Mr. McSwain's affidavit is insufficient to rebut the agency presumption raised by § 52-183, and, therefore, his motion for summary judgment on this ground should be denied.
Section 52-183 creates a presumption of agency once the plaintiff proves that the defendant is the owner of the vehicle.Anderson v. Nedovich, 19 Conn. App. 85, 89, 561 A.2d 948 (1989). Mr. McSwain does not dispute that he owned the car driven by Sarah Scully. (Affidavit of Mr. McSwain dated May 28, 1997, ¶ 4.) The presumption of agency then must be rebutted by the defendant with "sufficient and persuasive evidence." Brown v.Hunter, Superior Court, judicial district of Hartford/New CT Page 3984 Britain at Hartford, Docket No. 516942 (January 20, 1994) (Espinosa, J.). "With respect to the agency presumption established by General Statutes § 52-183, because the existence and scope of permission is a matter peculiarly within the knowledge of the defendant, the defendant's simple assertion that no consent to operate the motor vehicle was ever given, is not enough to overcome the presumption . . ." (Citations omitted; internal quotation marks omitted.) Brown v. Hunter,supra, Docket No. 516942. Therefore, it is for the trier of fact to resolve the factual question of whether consent to operate the automobile was ever given. "The issue of whether the plaintiff has rebutted the presumption of agency pursuant to General Statutes § 52-183 must be resolved by the trier of fact and not in a motion for summary judgment." Id.[3] Accordingly, Mr. McSwain's motions for summary judgment on count one of Robert Sullivan's complaint and count four of Crystal Palomba's complaint are denied, as there exist genuine issues of material fact which must be resolved by the trier of fact.
B. Mr. McSwain's Liability for Reckless Operation
Mr. McSwain also moves for summary judgment on count two of Robert Sullivan's complaint and counts five and six of Crystal Palomba's complaint on the ground that neither General Statutes § 52-183 nor the common law permit vicarious liability for punitive damages due to the operator's recklessness. Robert Sullivan counters that pursuant to General Statutes §§ 52-183
and 14-295,[4] an automobile owner may be liable for the reckless operation of a vehicle.
"At common law, there is no vicarious liability for punitive or exemplary damages." Gelormino v. Soucy, Superior Court, judicial district of Waterbury, Docket No. 106827 (January 18, 1995) (West, J.). See also, Gionfriddo v. Avis Renta Car System Inc., 192 Conn. 280, 288-89, 472 A.2d 306 (1984); and Hamilton v. Zarrelli, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145033 (October 27, 1995) (D'Andrea, J.). Therefore, punitive damages only can be imposed on a defendant owner for the reckless conduct of the operator if § 52-183 so provides. Accordingly, Mr. McSwain's motion for summary judgment with respect to count six of Crystal Palomba's complaint is granted as a matter of law.
With respect to whether an automobile owner may be liable for the reckless operation of his vehicle, the parties agree CT Page 3985 that there is a split of authority among the superior courts on this issue. Zarcu v. Keith, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 057132 (June 26, 1997) (Flynn, J.). Robert Sullivan relies upon Rubbo v. Rubbo, Superior Court, judicial district of Waterbury, Docket No. 130961 19 CONN. L. RPTR. 547 (May 22, 1997) (Pellegrino, J.),[5]
which held that the language of § 52-183 "raises the presumption of the . . . owner's liability for reckless operation . . ." Id. Robert Sullivan also relies upon Rodrigues, ppa v. Woodland, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 322890 (November 4, 1987) (Hale, J.) (3 C.S.C.R. 21); and Knowling v. Severns, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 311246 (January 9, 1987) (Noren, J.) (2 C.S.C.R. 235). In these cases, the superior courts determined that a defendant owner could be vicariously liable for reckless operation based on the Supreme Court's decision in Gionfriddo v. Avis Rent A Car System Inc., supra,192 Conn. 280, 290. In Gionfriddo v. Avis Rent A Car SystemInc., supra, the Supreme Court held that an owner lessor can be vicariously liable for reckless operation of their vehicle pursuant to § 14-154a[6] and § 14-295. Id.
Mr. McSwain relies upon Marin v. Plaskawicki,[7] Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 145033, 13 CONN. L. RPTR. 174 (December 8, 1994) (Maiocco, J.), which holds that an employer owner may not be held vicariously liable for punitive damages because, "[section] 14-295 and § 52-183 do not contain language explicitly allowing for an expansion of the common law restraint on the imposition of multiple damages upon defendant owners whose liability is vicarious . . ." Id. The court rejected the analysis of other superior courts that rely uponGionfriddo v. Avis Rent A Car System Inc., supra, to impose vicarious liability on owners because that decision "relied exclusively on the language in § 14-154a which allowed for a departure from the common law standard of recovery, and that absent such language, the common law standard should apply." Id.
In the instant case, for the reasons stated by the aforementioned Superior Courts, this court will adopt the line of cases which hold that C.G.S. §§ 52-183 and 14-295 permit vicarious liability for punitive damages against an automobile owner for the operators's recklessness. Accordingly, Mr. McSwain's motions for summary judgment as to count two of Robert Sullivan's complaint and count five of Crystal Palomba's complaint are denied. CT Page 3986
 C. Mr. McSwain's liability under the Family Car Doctrine: C.G.S. § 52-182
Crystal Palomba alleges in her complaint that Mr. McSwain is liable for Sarah Scully's reckless operation of his vehicle under § 52-182, the family car doctrine.[8] Mr. McSwain asserts in his memorandum of law and in Mr. McSwain's affidavit (¶ 6) that he may not be held vicariously liable under the family car doctrine because Sarah Scully did not share any of the relationships enumerated in § 52-182 with the defendant.
This issue has not been addressed by Crystal Palomba. Rather, it is an allegation in counts four, five and six of her complaint pleaded in the disjunctive in the same paragraph where she alleges that Mr. McSwain is liable pursuant to C.G.S. § 52-183. (Revised Complaint, count four, ¶ 5, count five, ¶ 5, count six ¶ 5). Therefore, while Mr. McSwain may be entitled to summary judgment on this claim, the court would be required to sever it from his § 52-183 claim.
While Practice Book § 386 permits the "severance of claims and partial summary judgments[,]" DeLaurentis v. New Haven,220 Conn. 225, 255 n. 15, 597 A.2d 807 (1991), currently, "[t]here is a split in the Connecticut Superior Courts on the issue of whether summary judgment may be granted as to one or more, but not all, of the claims made in a single count." Jewett v.General Dynamics Corp. , Superior Court, judicial district of New London at New London, Docket No. 530943 (May 1, 1997) (Booth, J.).[9] The court is not aware, however, of a single case where summary judgment was granted as to a portion of a paragraph found in several counts of a plaintiff's complaint. Accordingly, the court hereby denies Mr. McSwain's motion for summary judgment on this claim.
Conclusion
Based upon the foregoing, the Court makes the following conclusions of law:
1. There exist genuine issues of material fact as to whether Mr. McSwain is vicariously liable for the negligent operation of his automobile by the decedent Sarah B. Scully, and, therefore, Mr. McSwain's motions for summary judgment as to count one of Robert P. Sullivan's and count four of Crystal CT Page 3987 Palomba's complaints are hereby denied;
2. Because Mr. McSwain could be vicariously liable pursuant to C.G.S. §§ 52-183 and 14-295 for the reckless operation of his automobile by Sarah B. Scully and, since there exist genuine issues of material fact in this regard, Mr. McSwain's motions for summary judgment as to count two of Robert Sullivan's complaint and count five of Crystal Palomba's complaint are hereby denied;
3. Because at common law there is no vicarious liability for punitive and exemplary damages, Mr. McSwain's motion for summary judgment as to count six of Crystal Palomba's complaint is hereby granted, and;
4. The Court will not grant partial summary judgment with respect to Mr. McSwain's claim that he is not liable pursuant to the family car doctrine, C.G.S. § 52-182, because it is joined with a claim which the Court has rejected.
Dated at Waterbury Connecticut this 20th day March, 1998.
BY THE COURT,
ESPINOSA, J.