[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#118)
Before the court is the defendant's motion for summary judgment, dated CT Page 11543 April 9, 2001, and the plaintiffs' corresponding objections, dated April 17, 2001 and April 23, 2001. The plaintiffs herein are Peter McManus and the city of Stamford.[1] The defendants herein are Dwayne Alexander and Ford Motor Credit Company (Ford).
The plaintiff, Peter McManus, alleges the following facts in his complaint. McManus is a police officer employed by the city of Stamford, Connecticut. On December 24, 1997, McManus was on duty and was standing behind a Stamford police department cruiser that was positioned to block traffic on Selleck Street in Stamford. McManus was blocking the roadway to prevent Alexander, who was operating a motor vehicle heading eastbound on Selleck Street, from fleeing the pursuit of other police officers. Alexander was operating a motor vehicle owned by Ford with Ford's consent, permission, and authority.[2] Alexander's motor vehicle struck McManus' cruiser with great force and violence, in order to proceed through the blockade. As a result of the collision, McManus suffered numerous physical injuries, severe shock, and mental and emotional distress. As a result of his injuries, McManus was and will be required to expend money for medical care and treatment, and has lost and will lose wages because he is unable to perform his duties as a police officer.
In a two count complaint dated November 4, 1999, McManus asserts that Alexander was negligent and reckless.[3] Specifically, McManus alleges that Alexander was negligent and/or reckless in that he (1) operated his motor vehicle at an unreasonable rate of speed; (2) failed to keep his motor vehicle under proper and reasonable control; (3) failed to keep a proper lookout for other motor vehicles on the highway; (4) failed to apply the brakes in a timely manner; (5) failed to turn his motor vehicle to the left or right so as to avoid a collision; (6) operated his motor vehicle at a rate of speed greater than is reasonable in violation of General Statutes §§ 14-218a and 14-219; (7) failed to sound the horn or give warning to McManus of the impending collision; (8) was inattentive to the motor vehicle in front of him; and (9) ignored a police blockade. In addition, McManus alleges that Alexander was negligent in that he operated his motor vehicle when it was not equipped with adequate brakes in violation of General Statutes § 14-80, and failed to yield the right of way to McManus' motor vehicle within the roadway. McManus also alleges that Alexander was reckless in that he violated General Statutes § 14-222 (a). On April 9, 2001, Ford filed a motion for summary judgment and a memorandum in support. The plaintiffs filed objections on April 18, 2001 and April 24, 2001. The court heard oral arguments on May 21, 2001. The court notes that the issue of whether Ford is liable under § 14-154a was first raised by Ford in its motion. McManus did not assert that Ford is liable to him pursuant to § 14-154a
and in fact, during oral arguments at the May 21, 2001 short calendar, CT Page 11544 the plaintiffs disputed that they were seeking to impose liability on Ford pursuant to § 14-154a.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; Internal quotation marks omitted). Community Action for Greater MiddlesexCounty, Inc. v. American Alliance Ins. Co., 254 Conn. 387, 397-398,757 A.2d 1074 (2000). "As the party moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v.Insurance Co. of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 1001 (1995). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . [the nonmovant] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court." (Internal quotation marks omitted.) Zeller v. Consolini,59 Conn. App. 545, 564, 758 A.2d 376 (2000). "A `material fact' is a fact that will make a difference in the result of a case." Paul Revere LifeIns. Co. v. Pastena, 52 Conn. App. 318, 321, 725 A.2d 996; cert. denied,248 Conn. 917, 734 A.2d 567 (1999).
Ford argues that it cannot be held liable for McManus' injuries and damages solely because it owns the motor vehicle operated by Alexander. Ford argues that because Alexander's intentional and/or criminal conduct was neither foreseeable or anticipated at the time Ford leased the motor vehicle to Alexander, it cannot be held liable for the injuries and damages arising out of such conduct. Thus, Ford contends that General Statutes § 14-154a does not impose liability for intentional and/or criminal conduct similar to that involved here. The plaintiffs assert that there is an issue of fact as to Alexander's intent and that §14-154a is a strict liability statute that does not contain an exception for intentional misconduct. CT Page 11545
General Statutes § 14-154a provides that "[a]ny person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." "For more than 100 years, § 14-154a and its statutory antecedents have imposed on owners of leased vehicles obligations that significantly supplement common-law principles of vicarious liability." Smith v. Mitsubishi Motors Credit ofAmerica, Inc., 247 Conn. 342, 346, 721 A.2d 1187 (1998). The statute "cannot be regarded otherwise than as an expression of legislative judgment as to the extent — beyond the limitations of the general principles of respondeat superior and the "family-car doctrine' — to which the owner of a motor vehicle which he entrusts to another should be held liable for that acts of the latter." Pedevillano v. Byron,231 Conn. 265, 268, 648 A.2d 873 (1994). The Connecticut Supreme Court has "consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of itsoperator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract of rental. . . . [B]y virtue of the express terms of the statute the owner lessor is made the alter ego of the operator so that the latter's acts with respect to the operation of the car . . . are in law the acts of the owner-lessor." (Emphasis in original; citations omitted; internal quotation marks omitted.) Gionfriddo v. Avis Rent A Car Systems, Inc.,192 Conn. 280, 284-85, 472 A.2d 306 (1984).
"The statute creates what has been termed a `statutory suretyship,' [that] holds the owner of the rented vehicle liable for injuries caused by the operation of the vehicle as if her were the operator." Hughes v.National Car Rental Systems, Inc., 22 Conn. App. 586, 588, 577 A.2d 1132, cert. denied, 216 Conn. 817, 580 A.2d 63 (1990). "The purpose of the statute was not primarily to give the injured person a right of recovery against the tortious operator of the car, but to protect the safety of traffic upon highways by providing an incentive to him who rented [or leased] motor vehicles to rent [or lease] them to competent and careful operators by making him liable for damage resulting from the tortious operation of the rented [or leased] vehicles." Connelly v. Deconinck,113 Conn. 237, 240, 155 A. 231 (1931). "Underlying the imposition of this type of liability is a legislative policy of a deliberate allocation of a risk, which holds an enterprise liable for such injuries as a cost of doing business." Hughes v. National Car Rental Systems, Inc., supra. 588. The statute's "broad reference to `any damage to any person or property' must be construed, in view of the statutory purpose of protecting the public from unsafe drivers, to include responsibility for any damages to person or property for which the offending driver is properly held liable. As in other branches of the law where strict CT Page 11546 liability is imposed, the legislature is free to conclude that costs associated with rentals [or leases] to unsafe drivers should be borne by the enterprise that affords such drivers access to the highways, without requiring the injured party to show the negligence of the enterprise itself." Gionfriddo v. Avis Rent A Car Systems, Inc., supra, 192 Conn. 289. However, the statute does not impose "unlimited liability on the lessor for any injury caused by any motor vehicle that it owns. . . . [such that] a lessor would [also] be responsible for the tortious misconduct of a thief who stole a vehicle from the lessor's parking lot [or an authorized lessee.]" Pedevillano v. Byron, supra, 231 Conn. 269.
The complaint reveals that McManus is seeking damages for Alexander's negligence and recklessness in operating his motor vehicle. The court notes that McManus has pleaded facts sufficient to maintain each cause of action. Further, contrary to Ford's assertion that Alexander's conduct was intentional and/or criminal, the complaint does not make any such allegations. Neither party disputes that at the time of the alleged accident, Alexander was in lawful possession of the motor vehicle owned by Ford according to the terms of the lease agreement.
"When the words of a statute are clear and unambiguous, we assume that the words themselves express the legislature's intent and there is no need to look further for interpretive guidance." Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 310,592 A.2d 953 (1991). Here the language of § 14-154a is clear and unambiguous. The Connecticut Supreme Court has interpreted the statute as creating a statutory suretyship that makes Ford, the owner lessor of the motor vehicle, the alter ego of Alexander, the operator lessee. Ford has not provided and the court did not locate any cases where a court recognized an exception for intentional and/or criminal conduct. The only exception that has heretofore been recognized is when the operator of the motor vehicle was not authorized to do so under the terms of the rental or lease agreement. Pedevillano v. Byron, supra, 231 Conn. 265.
The Connecticut Supreme Court has stated that "in rentals of motor vehicles governed by General Statutes § 14-154a, the legislature has indeed imposed a heavy burden of joint liability on dealer-lessors. . . . Comparison of the language of § 14-60 with that of § 14-154a
makes it clear that the former imposes only limited liability." Cook v.Collins, 199 Conn. 245, 252, 506 A.2d 1035 (1986). Similarly, two Superior Court decisions have compared the language of § 14-154a with similar liability statutes such as §§ 14-295 and 52-183.[4] Sullivanv. Scully, Superior Court, judicial district of Waterbury, Docket No. 125823 (March 20, 1998, Espinosa, J.) (21 Conn. L. Rptr. 550); Bissonettev. Pomroy, Superior Court, judicial district of Windham at Putnam, Docket No. 054782 (July 1, 1997, Sferrazza, J.) (19 Conn. L. Rptr. 664). In both CT Page 11547 opinions, the court stated that unlike the language contained in §§14-295 and 52-183, the language of § 14-154a does not restrict liability only to certain causes of action. Rather, § 14-154a
"[contains] language explicitly allowing for the expansion of the common law restraint on the imposition of multiple damages upon the defendant owners whose liability is vicarious . . ." (Internal quotation marks omitted.) Sullivan v. Scully, supra, 21 Conn. L. Rptr. 552. The court finds that Ford can be held liable for McManus' injuries and damages pursuant § 14-154a because it is Alexander's alter ego and surety. Accordingly, Ford's motion for summary judgment is denied.[5]
So Ordered
KARAZIN, J.