LEDYARD VS. THE HARTFORD FIRE INSURANCE CO.

*Reformation of written instrument.*

A written instrument will be reformed on the ground of mistake, only when the correction asked for expresses the understanding of both parties at the time it was executed.

APPEAL from the Circuit Court for *Milwaukee* County.

The defendant appealed from a judgment for the plaintiff. The case is stated in the opinion.

*Emmons & Van Dyke*, for appellant. [No brief filed.]

*N. S. Murphey*, for respondent, cited *Rowley v. The Empire Ins. Co.*, 36 N. Y. 550; *Benedict v. The Ocean Ins. Co.*, 1 Daly, 9; *Beal v. Park Ins. Co.*, 16 Wis. 241; *Burr v. Broadway Ins. Co.*, 16 N. Y. 267; *Bidwell v. The Astor Ins. Co.*, id. 263; *Bunten v. The Oriental Ins. Co.*, 8 Bosw. 448; *Baptist Church v. Brooklyn Ins. Co.*, 28 N. Y. 161.

PAINE, J. This action was brought to reform a policy of insurance, and to recover on it, as reformed, for a loss. The material facts upon which it is asked to reform the instrument, are these : The plaintiff occupied rooms in the third story of the Mosher House, which was a wooden building. He had hired a room for an office in the second story of a brick building, across the road. Being about leaving town for a short time, he requested the landlord of the hotel to procure insurance for him on the furniture in his sleeping rooms in the hotel. The landlord applied to the defendant's local agent, who went up and looked at the furniture, and agreed for an insurance from that day at twelve o'clock, for $1,000 on the furniture and wearing apparel. The agent in the course of a few days filled out a policy and an application, which described the property insured as being in the brick building, where the plaintiff had his office. He presented these to the plaintiff on his return, who signed the application without reading either of the papers, and paid the premium demanded. This was, however, at the rate of one and a half per cent., which the testimony shows was the customary rate in the second story of the brick building, while it would have been not less than three and a half per cent. in the third story of the wooden hotel. At some time during the negotiations between the landlord and the agent, the former stated to the latter that the plaintiff had hired rooms for an office in the brick building across the

street. He did not tell him that the furniture to be insured was to be kept in that office. The agent does not claim that he did. But still, he swears that he got that impression, and acted on it in making the contract. There seems to be no doubt whatever, that such must have been the fact. There is no other possible explanation of his filling out the policy and application as he did, and fixing the rate of premium appropriate to insurance in the brick building, except that he so understood the contract. He would doubtless have been just as willing, and even more so, to have contracted to insure the furniture to remain in the hotel. But the question is, not what he would have been willing to do, but what he did. It appears, therefore, not that the writing, by mistake, fails to express the agreement actually made, but rather that, by the misapprehension of one of the parties, their minds never met at all, and that consequently no contract was ever consummated. In order to justify a court in reforming a written instrument on the ground of mistake, it must appear clearly that the writing, as reformed, will express what was understood and agreed to by both parties. *Andrews & Shepherd v. Essex Fire and Marine Insurance Co.*, 3 Mason, 10 ; *Sawyer et al. v. Hovey*, 3 Allen, 331 ; *Nevins v. Dunlap*, 33 N. Y. 676. It seems impossible to believe, upon this testimony, that the agent of the company ever understood that he was contracting to insure this property to remain in the Mosher House. And without that, there is no foundation for so reforming the contract.

We have come reluctantly to this conclusion. It is one of those cases where a misapprehension works an evident hardship to the plaintiff. But as the real truth is apparent, that the same contract was never brought home to the minds of both parties, the court is powerless to furnish relief.

*By the Court.* — The judgment is reversed, and the cause remanded with directions to dismiss the complaint.