JOHN H. HOFFMAN *v.* THE FIDELITY AND CASUALTY
COMPANY OF NEW YORK ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued April 4—decided May 5, 1939.

*Samuel H. Platcow,* with whom was *Cornelius J.
Danaher,* for the appellant (plaintiff).

*Frank R. Odlum,* with whom, on the brief, were
*John M. Bailey* and *Frederick H. Waterhouse,* for the
appellees (defendants).

Hinman, J. This action was commenced against the named defendant; subsequently, on motion of the plaintiff, the Park City Auto Finance Company was cited in as a co-defendant. The amended complaint alleged that the latter having caused an automobile to be replevied from the plaintiff, and the plaintiff not being satisfied with the recognizance in the replevin writ and demanding a new bond, the Finance Company as principal and the named defendant as surety executed a bond, made part of the complaint, of which the prayers for relief claimed reformation so that the same should be in the form prescribed by statute and conditioned like the recognizance in the original writ, also damages.

The finding, with such corrections as we have allowed, includes the following facts deemed of materiality to the considerations which we find decisive. The replevin writ contained a recognizance, as required by § 5945 of the General Statutes and in the form prescribed by § 5946, by which the Finance Company as principal and a personal surety bound themselves to Hoffman as the defendant in replevin in the sum of $1400, that the Finance Company shall prosecute its suit to effect, pay to him any judgment he may recover, return to him any property that may be recovered under the writ and pay him all damages that he may sustain by the replevying of the property if the Finance Company fail to establish its right to possession of the same. After service of the writ upon Hoffman his attorney informed the attorney for the Finance Company that he was not satisfied with the financial responsibility of the surety and requested a surety company bond, which the latter agreed to furnish and sent a representative of the Finance Company, with a copy of the replevin writ, to the Casualty Company, informing it by telephone that he would

request and pay for a bond. The Casualty Company executed a bond and forwarded it direct to Hoffman's attorney, who, at the time he received it, noted from the backing thereon the amount and that Hoffman was stated to be the obligee, but did not read the bond.

The replevin writ was returned to court, but the action was never entered on the docket because of failure to pay the entry fee. More than two years later Hoffman brought this suit against the Casualty Company on the bond alleging, in the original complaint, breach thereof by failure of the Finance Company to prosecute the replevin action to effect. Upon the trial the plaintiff's attorney for the first time discovered that the condition contained in the bond did not cover failure to prosecute to effect. He then moved and was permitted to amend the complaint and add a prayer for relief seeking reformation of the bond, and further hearing was afterward had on that issue. The trial court held that reformation was not warranted, and this conclusion and refusal to render judgment, in any event, against the Finance Company for damages for conversion are the issues on this appeal.

By the bond which was given, the Finance Company as principal and the Casualty Company as surety undertook to pay to Hoffman as "obligee" the specified amount, but the condition stated was "that if the defendant shall safely keep the property replevied . . . and will deliver the same to the plaintiff if judgment shall be rendered to that effect, and if he shall pay to the plaintiff all just sums of money he may recover in the action, then this obligation shall be void; otherwise to remain in full force and effect." As the "action" referred to necessarily was the replevin suit, the plaintiff therein was the principal in the bond and the defendant was Hoffman. It is apparent there-

fore that the bond given is inappropriate to a situation where, as in this instance, property is taken and retained by the plaintiff in the replevin action, being that contemplated by the statutes providing for a recognizance accompanying the writ (General Statutes, § 5945) and a further bond if moved for and ordered (§ 5948). It is adapted, instead, to cases in which, under statute in some states, a defendant whose property has been replevied may obtain return of it upon giving such a "redelivery bond." *e.g.*, New York, Cahill Civil Practice (7th Ed.) § 1103; Washington, 2 Rem. Rev. Statutes, § 709; *Johnston* v. *Karjala*, 172 Wash. 122, 19 Pac. (2d) 948.

An obstacle to reformation which we find insurmountable arises from the fundamental principle that there can be no reformation unless there is an antecedent agreement upon which the minds of the parties have met. The relief afforded in reforming an instrument is to make it conform to the previous agreement of the parties. Therefore a definite agreement on which the minds of the parties have met must have pre-existed the instrument in question. The court cannot supply an agreement which was never made, for it is its province to enforce contracts, not to make or alter them. 53 C. J. 924; 23 R. C. L. 310. "It must appear that the mistake consisted in not drawing up the instrument according to the agreement that was made." *Tesson* v. *Atlantic Mutual Ins. Co.*, 40 Mo. 33, 36, 93 Am. Dec. 293. "Before a writing may be reformed to express the real agreement of the parties, the parties must have agreed . . .; reformation necessarily implies an agreement." *Columbian Nat. Life Ins. Co.* v. *Black*, 35 Fed. (2d) 571, 574. If there has been a misunderstanding between the parties, or a misapprehension by one or both so that their minds have never met, no contract has been entered into by

them and the court will not make for them a contract which they themselves did not make. 6 Couch, Insurance, 4986. "In order to justify a court in reforming a written instrument on the ground of mistake, it must appear clearly that the writing, as reformed, will express what was understood and agreed to by both parties." *Ledyard* v. *Hartford Fire Ins. Co.*, 24 Wis. 496, 498; *Cooper* v. *Farmer's Mutual Fire Ins. Co.*, 50 Pa. St. 299, 307.

It is clear from the finding that there was no such meeting of the minds between the plaintiff and the Casualty Company as would create the necessary agreement pre-existent to the drafting and execution of the bond. The proposition and expectation of Hoffman was for a bond such as that provided for by § 5948 of the General Statutes, "conditioned like the recognizance taken on issuing the writ," that the plaintiff should prosecute his suit to effect and if he fail to establish his right to possession of the property return it to the defendant and pay the damages sustained by the replevying thereof. The Casualty Company obviously misconstrued the request as calling for an entirely different undertaking and made and executed an instrument according with that erroneous understanding. Therefore there was no antecedent agreement to which the bond may be made to conform by reformation. "In order to constitute a contract, it is necessary that the parties should assent to it, and . . . 'they must assent to the same thing in the same sense.' The proposition of one party must be met by the acceptance of the other, which corresponds with it, which cannot be the case when the proposition is misunderstood by the party to whom it is made." *Hartford & New Haven R. Co.* v. *Jackson*, 24 Conn. 514, 517. See also *Corticelli Silk Co.* v. *Slosberg*, 101 Conn. 44, 51, 124 Atl. 818. To entitle him to reforma-

tion the plaintiff was bound to show a prior agreement as to the terms of the bond, as well as that the bond delivered was not in accordance therewith and that by the mutual mistake of the parties or their attorneys it was delivered and accepted as conforming to the agreement. There is no ground for reformation where one party intended one contract and the other intended another. *Snelling* v. *Merritt*, 85 Conn. 83, 101, 81 Atl. 1039; *Mishiloff* v. *American Central Ins. Co.*, 102 Conn. 370, 375, 128 Atl. 33. The facts found are insufficient to answer this essential prerequisite to reformation.

Although the complaint includes an allegation to the effect that the defendant Finance Company converted the automobile to its own use by replevying it and failing to prosecute its writ, the record does not disclose that any claim was so made upon the trial (Practice Book, § 157) as to fairly apprise the court that judgment for damages against that defendant on that ground was claimed; and it appears that all of the evidence introduced after the Finance Company was brought in as a co-defendant was addressed to the issue of reformation.

There is no error.

In this opinion the other judges concurred.