## GREENWICH CONTRACTING COMPANY, INC. *v.* BONWIT CONSTRUCTION COMPANY, INC.

ALCORN, HOUSE, COTTER, THIM and RYAN, Js.

Argued January 4—decided February 6, 1968

*Julius B. Kuriansky,* for the appellant (defendant).

*William T. Cahill,* with whom, on the brief, was *Michael M. Calhoun,* for the appellee (plaintiff).

Cotter, J. The plaintiff, a subcontractor, brought suit to recover a balance alleged to be due for materials furnished and for work performed in furtherance of a contract it had with the defendant, a general contractor, for the excavation and site development required in connection with the construction of the Dundee Elementary School in the town of Greenwich. The defendant filed a counterclaim alleging that by mistake a paragraph was omitted from the subcontract, asking for reformation of the subcontract to include the paragraph in question, and claiming damages for reimbursement

of the expense incurred by it in satisfying the provisions of the paragraph allegedly omitted. Judgment was rendered for the plaintiff on the complaint and counterclaim, and the defendant has appealed.

The facts as found by the court, with such corrections as are warranted, are as follows: The defendant entered into a contract, dated May 9, 1961, with the board of education of the town of Greenwich for the construction of the Dundee Elementary School. The defendant engaged several subcontractors to perform various work under the general contract. The plaintiff, one of the subcontractors engaged by the defendant, agreed under a contract dated May 15, 1961, to perform, inter alia, the site work outlined in § 31 of the specifications of the general contract, excluding, however, subsections 21 through 31 of § 31, which contained thirty-seven subsections numbered 1 through 37. The contract price was $114,230, with change orders bringing the total contract price to $118,718.07 and with further modifications bringing the adjusted contract price to $110,125.11. The parties stipulated to an unpaid balance due the plaintiff of $18,885.94.

The contract between the parties, prepared and dictated by Martin W. Witte, the defendant's vice-president, was typed under his supervision in the defendant's office and was signed by Witte and Frank E. Mazza, the plaintiff's president.

The basic issue raised by the counterclaim is whether the defendant is entitled to have the contract between the parties reformed to include subsection 26 of § 31 of the specifications, entitled "Finished Grading." Rider A, attached to and made a part of the contract, provided that subsections 21 to 31, inclusive, of § 31 of the specifications

were to be omitted from the contract. The defendant claims that the omission from their contract of subsection 26 of § 31 of the specifications was inadvertent and resulted from a scrivener's mistake. In furtherance of its prayers for reformation of the contract and damages, the defendant claims that subsection 26 "was omitted either by mutual mistake or by unilateral mistake coupled with fraud or inequitable conduct on the part of the plaintiff, so that the contract as signed does not express the true intent of the parties and should have been reformed, for the reason that the indisputable physical facts offered by the defendant in the form of documentary evidence demonstrated that the plaintiff's testimony was untrue, resulting in the plaintiff being unjustly enriched at the expense of the defendant."

A cause of action for reformation of a contract rests on the equitable theory that the instrument sought to be reformed does not conform to the real contract agreed upon and does not express the intention of the parties and that it was executed as the result of mutual mistake, or mistake of one party coupled with actual or constructive fraud, or inequitable conduct on the part of the other. *Moffett, Hodgkins & Clarke Co.* v. *Rochester,* 178 U.S. 373, 385, 20 S. Ct. 957, 44 L. Ed. 1108; *Patalano* v. *Chabot,* 139 Conn. 356, 359, 94 A.2d 15; *Home Owners' Loan Corporation* v. *Stevens,* 120 Conn. 6, 9, 179 A. 330; 27 Am. Jur. 2d 555, Equity, § 33; 45 Am. Jur., Reformation of Instruments, 584 § 2, 621 § 62; 76 C.J.S. 375, Reformation of Instruments, § 30.

A court in the exercise of its power to reform a contract must act with the utmost caution and can only grant the relief requested if the prayer for

reformation is supported by convincing evidence. *Palmer* v. *Hartford Fire Ins. Co.,* 54 Conn. 488, 500, 501, 9 A. 248. In the absence of fraud, it must be established that both parties agreed to something different from what is expressed in writing, and the proof on this point should be clear so as to leave no room for doubt. *Bishop* v. *Clay Fire & Marine Ins. Co.,* 49 Conn. 167, 172. If the right to reformation is grounded solely on mistake, it is required that the mistake be mutual, and to prevail in such a case, it must appear that the writing, as reformed, will express what was understood and agreed to by both parties. *Hoffman* v. *Fidelity & Casualty Co.,* 125 Conn. 440, 444, 6 A.2d 357; *Milford Yacht Realty Co.* v. *Milford Yacht Club, Inc.,* 136 Conn. 544, 548, 72 A.2d 482; 76 C.J.S., Reformation of Instruments, §§ 25, 28.

The trial court concluded that the mistake was not mutual and that it was a unilateral mistake of the defendant not coupled with fraud or inequitable conduct on the part of the plaintiff. It refused to reform the written contract, concluding that the reformation as requested by the defendant, if granted, would not express the understanding and agreement of the parties.

In seeking to reverse the judgment of the court, the main thrust of the defendant's argument, although it concedes the difficulty inherent in an attempt to "overthrow a decision of a trial judge on an issue of fact," is that "the indisputable physical facts are so compelling" it must be found that the trial court reached an erroneous conclusion and that the "cumulative effect of the documentary evidence is so overwhelming . . . that the conclusion is inescapable that the finished grading was part of the plaintiff's obligation under the contract."

The defendant has assigned error in the court's refusal to add forty-five paragraphs to the finding, but it cannot prevail on this issue since the additions it requests involve facts which are immaterial or are neither admitted nor undisputed. Practice Book § 628 (a). The assignments that certain paragraphs were found without evidence lack merit. The remaining group of assignments attacks certain conclusions in the finding as unsupported by the subordinate facts.

The evidence upon which both parties rely, which affects the basic issues in the case, consists of the testimony of Witte, the defendant's vice-president, Mazza, the plaintiff's president, and Herman Boxer and John S. Wason, general superintendent and construction superintendent, respectively, for the defendant. In addition, the defendant places great stress upon the following series of documents in support of its claims: The plaintiff's original estimate made before the contract was executed; the plaintiff's breakdown of contract prices; a schedule of values attached to the contract; fourteen requisitions signed by Mazza as the plaintiff's president referring to finished grading; an agreement between the plaintiff and one of the subcontractors which the defendant claims shows an inconsistent position by the plaintiff; and a field memorandum reciting that the plaintiff would complete fifteen items before a certain date, one of which included finished grading, which the defendant claims indicates a stand at variance with the one which the plaintiff now takes as to responsibility for finished grading.

Although the defendant strenuously argues that all of this evidence is indisputable proof of the position it takes, we do not find this to be the clear

effect of the evidence. On the contrary, there was abundant evidence to support the findings of fact, which in turn support the conclusions of the court. The acceptance or rejection of testimony and the weight to be given evidence is a matter for the trial court. The interpretation of and effect to be given the enumerated documents is in dispute, and the documents and their contents do not represent indisputable physical facts so that the rule of such cases as *Budaj* v. *Connecticut Co.*, 108 Conn. 474, 476, 143 A. 527, can be applied as urged by the defendant.

The paragraph sought to be added to the contract by the defendant was specifically omitted from the written contract, and Mazza testified that the plaintiff never contemplated performing any of the work described in the omitted paragraph, that the contract expressed the true understanding of the parties, and that the plaintiff performed all of the work it was required to do under the contract. He testified that the finished grading for which the plaintiff was responsible was done pursuant to subsection 32 of § 31 of the general specifications and was performed for the plaintiff by Patsy Crucitti and Sons, its subcontractor. Boxer, the general superintendent of the defendant, who assisted Witte in drawing the contract, testified that he knew the contract was the understanding between the parties.

The contract was drawn and signed by Witte, an officer of the defendant who was experienced in these matters and who had the assistance, in this connection, of Boxer, the defendant's general superintendent. There is nothing in the record which required the trial court to interpret the language of the contract contrary to the common meaning of the words used. Its conclusion is fortified by the

application of the principle that a contract in such a case is to be construed against the party who drew it. *Wall* v. *Wason,* 146 Conn. 32, 36, 147 A.2d 200; *Dorne* v. *Williams,* 140 Conn. 193, 201, 98 A.2d 796; 17A C.J.S. 217, Contracts, § 324. Relief by way of reformation in the case of a scrivener's error, which the defendant alleges and claims, will be allowed only where the scrivener has failed to express the intention of the parties in the contract; such corrections are not allowed otherwise. *Haussman* v. *Burnham,* 59 Conn. 117, 22 A. 1065; see *Walden* v. *Skinner,* 101 U.S. 577, 583, 25 L. Ed. 963; *Hunt* v. *Rhodes,* 26 U.S. (1 Pet.) 1, 13, 7 L. Ed. 27; *West* v. *Suda,* 69 Conn. 60, 62, 36 A. 1015; 45 Am. Jur. 617, Reformation of Instruments, § 54.

In the view we take of the case, the claim of the defendant of unjust enrichment is without merit since the word "unjustly" as used in the equitable maxim that one shall not be allowed unjustly to enrich himself at another's expense means unlawfully. *Sheasgreen Holding Co.* v. *Dworsky,* 181 Minn. 79, 81, 231 N.W. 395; 30 C.J.S. 982, Equity, § 89. The court correctly concluded, as supported by the findings of fact which were established by the evidence, that the mistake was not mutual and that there was no inequitable or fraudulent conduct on the part of the plaintiff. Consequently, enforcement of the contract is not unconscionable, and the doctrine of unjust enrichment does not apply. *England* v. *Universal Finance Co.,* 186 Md. 432, 47 A.2d 389; 30 C.J.S. 983, Equity, § 89.

The final claim of the defendant as to the failure to produce a witness is without merit since there is no showing, among other reasons, that it was within the plaintiff's power to produce the witness. *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672,

675, 165 A.2d 598. Nor is there a showing that the court failed to consider the nonappearance of the witness.

There is no error.

In this opinion the other judges concurred.