[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 13, 1994, the substitute plaintiff, FGB Realty Advisors, Inc., filed a two count amended complaint in foreclosure and unjust enrichment against the defendants, Clare T. Muranelli and Stanley A. Thal, respectively. The plaintiff alleges in count two that through the inadvertence or mistake of its predecessor in interest, Dime Savings Bank (Dime), the mortgage executed only extended to Muranelli's interest in the property, not over the entire property, and that Thal has been unjustly enriched as a result.
Thal filed four revised special defenses on November 1, 1995. Thal alleges in his special defenses that he never intended that his interest in the property be encumbered, and that such a result was due to a unilateral mistake or negligence by Dime, not a mutual mistake, and therefore the plaintiff has unclean hands and cannot be afforded equitable relief. Thal further alleges that the plaintiff has not alleged any fraudulent or inequitable conduct on the part of Thal. On November 16, 1995, the plaintiff filed a motion to strike Thal's four special defenses on the ground that they are legally insufficient in that they are directed at a cause of action in reformation, not unjust enrichment. Thal filed an objection to the plaintiff's motion to strike on November 21, 1995.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [the pleading] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the [nonmoving party]." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . It does not include, however, the legal conclusions or opinions stated in the [pleading] . . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systemsv. BOC Group, Inc., supra, 224 Conn. 215. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that CT Page 134 the plaintiff has no cause of action." Grant v. Bassman,221 Conn. 465, 472-73, 604 A.2d 814 (1992).
The plaintiff avers that Thal's special defenses are applicable to a cause of action in reformation, and therefore, are legally insufficient to bar a cause of action in unjust enrichment. Thal argues that if a mistake is not mutual and there is no inequitable or fraudulent conduct on his part, the plaintiff may not recover under the doctrine of unjust enrichment.
"A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. . . . With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard. . . . Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." (Citations omitted; internal quotation marks omitted.) Barbara Weisman, Trustee v. Kaspar, 233 Conn. 531, 550,661 A.2d 530 (1995).
The plaintiff asserts that defenses alleging the lack of mutual mistake, and the lack of fraudulent conduct are inapplicable to the doctrine of unjust enrichment. In Greenwich Contracting Co.v. Bonwit Constructing Co., 156 Conn. 123, 130, 239 A.2d 519
(1966) the court state that "the word `unjustly' as used in the equitable maxim that one shall not be allowed unjustly to enrich himself at another's expense means unlawfully." The court further held that because there was no mutual mistake, or inequitable or fraudulent conduct, the doctrine of unjust enrichment did not apply." Id.
Based on the decision in Greenwich Contracting That has sufficiently alleged a defense to the doctrine of unjust enrichment. The plaintiff's motion to strike is denied.
HICKEY, J. CT Page 135