[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Plaintiff, Coyne International Enterprises, (hereinafter "Coyne") brings this action for breach of contract against County Line Buick Nissan, (hereinafter "County Line") claiming its rental agreement (Pl. Ex 1) was wrongfully terminated. Coyne entered into a written agreement with County Line to rent uniforms for a period of 136 weeks that was extended b mutual agreement to 208 weeks on November 13, 1991. CT Page 9114
Problems began to occur in the business relationship of the parties in July, 1992, when the Defendant wrote to Coyne (Def Ex. A) complaining about the service. Mr. Galloway, the Plaintiff's route driver at the time, testified that these problems were resolves Ms. Janazzo, an officer of the Defendant corporation testified that from that date problems existed in January, 1993, Coyne wrote to County Line (Pl. Ex. 3) apologizing for its service and outlining corrective action to insure satisfaction. Galway characterized these problems in January as minor and County Line continued to do business with the Plaintiff. The next crisis occurred in April, 1993, when County Line wrote another letter (Def. Ex. B) expressing dissatisfaction and suggesting termination. Again, Mr. Galloway testified that the problems were resolved His testimony was contradicted by the Defendant but still the contract was not terminated The next communication from County Line on June 23, 1993 (Def. Ex. C) explicitly states the will terminate the contract as of July 31st. The Defendant sends another letter on July 2, 1993, reinforcing the cancellation. Coyne made deliveries on or about August 1, but County Line refused to accept the product and notified the driver that the contract was terminated. This law suit followed.
It is the Plaintiff's claim that Defendant failed to terminate the agreement in accordance with its terms, and because of this improper termination, it is entitled to liquidated damages. It is the Defendant's claim that the contract was unfair and adhesionary and assuming arguendo that the contract was improperly terminated, damages cannot be ascertained.
Under the terms of paragraph Nine, the Defendant could terminate if there "is a substantial breach" and if Coyne failed "to make reasonable efforts to remedy". Additionally, written notice must be sent, return receipt requested specifically stating the breach or breaches. The Court does not find a substantial breach or that Coyne failed to make reasonable efforts to remedy. The termination letter of June 23 (Def. Ex. C) was not mailed return receipt requested as required under Paragraph Nine. The Defendant did not properly terminate the contract under the provision of Paragraph Nine.
The Defendant argues that the contract one was of adhesion and therefore it should not be literally enforced. "Standardized contracts of insurance continue to be prime examples of contracts CT Page 9115 of adhesion, whose most salient features is that the are not subject to the bargaining process of ordinary contracts." AetnaCasualty Surety v. Murphy, 206 Conn. 409 (1988). There was no evidence presented by the Defendant that this contract was not subject to the bargaining process. In fact, the evidence showed that the contract initially executed was revised with changes made in "hand" and initialed, as was the automatic renewal portion of Paragraph Two. (Pl. Ex. 1). There was evidence that this contract was subject to the bargaining process, and the Court does not find it was a contract of adhesion.
Having found that the early termination attempts by the Defendant failed because of its failure to comply with Paragraph Nine, the Court then must examine the Plaintiff's claim for damages under Paragraph Seven. That paragraph provides that if the agreement is canceled prior to the normal termination date, the plaintiff would be entitled to damages "equal to the following percentages of the gross receipts that would be due forthe balance of the particular term." (Emphasis added) (Pl. Ex. 1). In attempting to establish the gross receipts that would be due, the Plaintiff introduced one weekly invoice, dated August 27, 1993 totaling $186.11. (Pl. Ex. 2). The Plaintiff then took 40%[1] of that amount and multiplied it by the weeks remaining in the contract term after the termination date of August 1, 1993, and computed $8,365.04 in damages. The problem with calculating damages under the contract lies with the determination of"gross receipts that would be due for the balance of the term." The Plaintiff argues that the one invoice is typical or representative of what it would be entitled to for the balance of the term. The testimony was that the weekly invoices would vary in amount. One invoice certainly is not the standard to be used to compute what the gross receipts would have been due for the balance of the term. The contract did not provide the method to make this determination. The Plaintiff's method was certainly not an accurate determination of the gross receipts that would be due for the balance of the term. Using one weeks invoice to make a prediction ofgross receipts for the balance of the term is speculative at best. As the Defendant correctly argues, a contract must be construed against the one who drew it Greenwich Contraction v. Bonwit, 156 Conn. 123 (1968). Since the agreement drawn by Coyne did not define gross receipts for the balance of the term, the calculation is impossible. In an event, the plaintiff has failed to produce credible evidence as to the calculation of the gross receipts.
The Court finds that the Defendant has breached the contract as alleged and proved. There has not been credible evidence in regard to CT Page 9116 Plaintiff's damages and the Plaintiff has failed in its burden as to damages. Therefore, the Court will award only nominal damages of $100.00 for the breach. In addition, the Plaintiff is entitled to costs and reasonable attorney's fees under Paragraph Seven. The Court will schedule a hearing to determine attorney's fees to which the Plaintiff is entitled Judgment will enter accordingly.
PELLEGRINO, (J)