[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I.Background
CT Page 10267
By his complaint dated April 28, 1997, served April 29, 1997 and revised under date of July 22, 1997, the plaintiff alleges that the defendants breached an oral contract entered into by the parties on March 1, 1986. The plaintiff alleges that the contract provided that the plaintiff, an attorney, would render legal services to the defendants in return for reasonable fees. The plaintiff further alleges that he completed the legal work by October 1, 1989, and that on or about May 25, 1993. the defendant reaffirmed his intention to pay the plaintiff in accordance with a previously agreed upon schedule.
The defendant denies the existence of the alleged contract and alleges as a Special Defense that the Revised complaint is barred by the statute of limitations.
II.Discussion
This case is a classic example of a case that turns on the issues of credibility and burden of proof. The only evidence of the existence of a contract or reaffirmation of a contract is the plaintiff's `ipse dixit'. The defendants deny both of these assertions.
III.Legal Principles The existence of a contract is a question of fact to be determined by the trier on the basis of all the evidence.
Fortier v. Newington Grays, Inc., 30 Conn. App. 505-509 (1993).
 In order for an enforceable contract to exist, the court must find that the parties' minds had truly met. Hoffman v. Fidelity Casualty Co., 125 Conn. 440, 443-44, 6 A.2d 357 (1939); Zahornacky v. Edward Chevrolet. Inc., 37 Conn. Sup. 5 753-54, 436 A.2d 47 (1981); see also Bridgeport Pipe Engineering Co. v. DeMatteo Construction Co., 159 Conn. 242, 249, 268 A.2d 391 (1970). "If there has been a misunderstanding between the parties, or a misapprehension by one or both so that their minds have never met, no contract has been entered into by them and the court will not make for them a contract which they themselves did not make." Hoffman v. Fidelity Casualty Co., supra. "`[A]n agreement CT Page 10268 must be definite and certain as to its terms and requirements.'" Dunham v. Dunham, 204 Conn. 303, 313, 528 A.2d 1123 (1987).
Fortier v. Newington Grays, Inc., supra, page 510.
 "Meeting of the minds" is defined as "mutual agreement and assent of two parties to contract to substance and terms. It is an agreement reached by the parties to a contract and expressed therein, or as the equivalent of mutual assent or mutual obligation." Black's Law Dictionary (6th Ed. 1990).
Sicaras v. Hartford, 44 Conn. App. 771, 784 (1997).
IV.Facts
After reviewing the trial testimony and the exhibits, and having evaluated the credibility of the various witnesses. the court make the following findings:
1. There was never a meeting of the minds between the parties for payment of fees for legal services to be rendered or rendered.
2. All legal services provided by the plaintiffs were part and parcel of, and attributable to, the partnership interest of the plaintiff and his wife, and represented his share of partnership in-kind contributions, a sort of `sweat equity' that would redound to the benefit of the partnership, and ultimately to him and his wife. The other partners also made in-kind contributions in accordance with their individual areas of expertise. None of them were paid for their services.
3. There was never an `unequivocal acknowledgment' of any debt by the defendants nor of any contract.
4. The defendants were not aware until April, 1990 that the plaintiff was seeking any fee for legal services.
V.Conclusion
The plaintiff has failed to sustain his burden of proving the existence of a contract. CT Page 10269
Even if a contract was entered into by the parties on or about March 1, 1986 as alleged by the plaintiff in paragraphs 5, 6 and 7 of the Revised Complaint, this action is barred by the Statute of Limitations.
HON. RICHARD A. WALSH