[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Ellis Betensky, brings this action against the defendant, Opcon Associates, Inc., seeking reformation or, in the alternative, recission of a contract entered into between the parties.
The plaintiff commenced this action on December 18, 1998. The plaintiff amended his complaint on March 13, 2000. The plaintiff's amended complaint is in four counts and sounds in breach of contract. The complaint alleges the following facts. The plaintiff is an optical designer and inventor of wide-angle, high-speed projection lenses, which are used for projecting and enlarging images for cathode ray tube (CRT) projection systems. The defendant is an optical design service firm founded in 1969 by the plaintiff and two other persons.[1] Sometime in 1979, the plaintiff sold Jake Moskovitch and Melvyn Kreitzer each a one third share of the defendant corporation. On January 1, 1979, the defendant entered into an agreement with U.S. Precision Lens, Inc. (USPL). Pursuant to the terms of the agreement, the defendant is entitled to receive a royalty equal to one percent of the net sates of all USPL projection systems that use CRT lenses. On April 1, 1990, the defendant and USPL entered into a second agreement, but this time for the development of lenses for liquid crystal display (LCD) projection systems. Pursuant to the terms of this agreement, the defendant is entitled to receive a royalty equal to one percent of the net sales of all USPL projection systems that use LCD lenses in excess of one million dollars.
On June 28, 1996, the plaintiff informed Moskovitch and Kreitzer of his intention to retire from the defendant corporation. On or about September 16, 1996, the plaintiff and the defendant, through Moskovitch and Kreitzer, drafted an informal retirement agreement with the understanding that both the plaintiff and the defendant would each retain an attorney and execute a more formal written agreement. On March 25, 1998, the CT Page 316 plaintiff executed the final written agreement with the defendant to be effective on September 1, 1996. The agreement provides, inter alia, that the plaintiff will receive one half of all CRT royalties paid by USPL to the defendant for any lenses designed or invented prior to September 1, 1996, and one third of all LCD royalties.
The plaintiff alleges in count two of his complaint that through a scrivener's error the agreement misstates the basis for the payment of CRT royalties to the plaintiff. The plaintiff alleges that the parties, in the 1996 agreement, had agreed that the plaintiff would receive one half of all CRT royalties received by the defendant from USPL without limitation as to when the CRT lenses were designed or invented. The plaintiff alleges that all of the parties to the action knew of the plaintiff's intention to continue to receive royalty payments for the use of CRT technology despite the date of the design or invention, which uses such technology. The plaintiff therefore alleges that it would be unfair and inequitable to limit the plaintiff's share of CRT royalties because of a misunderstanding.
On August 15, 2001, the defendant filed a motion for summary judgment as to count two of the plaintiff's complaint on the ground that the plaintiff cannot demonstrate that he is entitled to reformation or, in the alternative, recission of the written agreement entered into between the parties on or about September 1, 1996.[2] On September 14, 2001, the plaintiff filed a memorandum of law in opposition to the defendant's motion for summary judgment accompanied by an affidavit.
 DISCUSSION
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; Miles v. Foley,253 Conn. 381, 385-86, 752 A.2d 503 (2000).
The defendant claims that there was no scrivener's error in the drafting of the agreement between the plaintiff and the defendant as alleged by the plaintiff in count two of his amended complaint. The defendant argues that unlike most scrivener's error cases in which the scrivener testifies on behalf of the party seeking reformation because of some error in drafting the agreement, the scrivener in the present case has expressly denied that the agreement contains any errors. In fact, the defendant argues that the likelihood that there are errors in the agreement is extremely low because not only did the plaintiff review numerous drafts of the agreement himself, but he made corrections to those drafts that were later incorporated into the final written CT Page 317 agreement.
In response, the plaintiff argues that he misunderstood the provisions in the agreement dealing with CRT royalties. The plaintiff argues that it was his understanding, after various conversations with his attorney, that he would receive one half of all CRT royalties paid to the defendant by USPL regardless of when the CRT lenses were designed or invented. The plaintiff argues that his subsequent acceptance of the agreement was based on this misunderstanding.
"A cause of action for reformation of a contract rests on the equitable theory that the instrument sought to be reformed does not conform to the real contract agreed upon and does not express the intention of the parties and that it was executed as the result of mutual mistake, or mistake of one party coupled with actual or constructive fraud, or inequitable conduct on the part of the other." (Internal quotation marks omitted.) Lopinto v. Haines, 185 Conn. 527, 531, 441 A.2d 151 (1981). "Reformation is not granted for the purpose of alleviating a hard or oppressive bargain, but rather to restate the intended terms of an agreement when the writing that memorializes that agreement is at variance with the intent of both parties." (Internal quotation marks omitted.) Id., 532.
"A court, in the exercise of its power to reform [an instrument] must act with the utmost caution and can only grant the relief requested if the prayer for reformation is supported by [evidence that is clear, substantial and convincing]." Greenwich Contracting Co. v. BonwitConstruction Co., 156 Conn. 123, 126-27, 239 A.2d 519 (1968). Our Supreme Court has stated "the standard of proof for reformation in different ways but all with the same substantive thrust: evidence should be clear, substantial and convincing." (Internal quotation marks omitted.) Lopintov. Haines, supra, 185 Conn. 534. "This standard of proof should operate as a weighty caution upon the minds of all judges, and it forbids relief whenever the evidence is loose, equivocal or contradictory." (Internal quotation marks omitted.) Id., 539.
Furthermore, the court is mindful that "[i]t is the general rule that a contract is to be interpreted according to the intent expressed in its language and not by an intent the court may believe existed in the minds of the parties. . . . When the intention conveyed by the terms of an agreement is clear and unambiguous, there is no room for construction." (Citations omitted; internal quotation marks omitted.) Levine v. Massey,232 Conn. 272, 278, 654 A.2d 737 (1995). "[A] court cannot import into [an] agreement a different provision nor can the construction of the agreement be changed to vary the express limitations of its terms." (Internal quotation marks omitted.) Id. CT Page 318
In the present case, the defendant is entitled to summary judgment as a matter of law because the plaintiff cannot demonstrate, by way of affidavit or otherwise, that there is a dispute as to a material fact between the parties or that there was some unilateral mistake on the part of the plaintiff coupled with inequitable conduct by the defendant. "The burden of proof on the issue of reformation is upon the party seeking it." Lopinto v. Haines, supra, 185 Conn. 535. The agreement was drawn and signed by the plaintiff's attorney who was experienced in these matters and who had the frill knowledge and assistance of the plaintiff throughout the drafting process as evidenced by the various documents attached to the defendant's motion for summary judgment.[3] Even assuming, arguendo, that there was some misunderstanding between the parties or that the plaintiff made a mistake, there is no evidence to support any inequitable conduct on the parts of Moskovitch or Kreitzer. Plaintiff's own experienced lawyer believes the contract is clear. There is no basis to find that Moskovitch or Kreitzer should have discovered or pointed out some ambiguity in the contract.
The plaintiff, in his own words, represented to Moskovitch and Kreitzer that the agreement containing the language now in question is "what [the parties] agreed to." By way of letter dated April 17, 1997, which included a proposed draft of the final written agreement, the plaintiff stated "I asked Stephens [the plaintiff's attorney] to make a formal legal contract from what we agreed to. I trust you will find that he has done that [in the draft agreement]." The language contained in this draft agreement expressly states that the plaintiff is only entitled to payment from Opcon for CRT royalties that are based on pre-agreement lens designs conceived prior to September 1, 1996. Moskovitch and Kreitzer, acting on behalf of the defendant corporation, simply signed, what they believed to be, the final, integrated written agreement between the parties. There is no evidence of any fraudulent or inequitable conduct. Based on the evidence submitted, it is this court's conclusion that the agreement conforms to the intention of the parties and does not involve a unilateral mistake on the part of the plaintiff coupled with inequitable conduct by the defendant.
Furthermore, the plaintiff submits no evidence to contradict the meaning of the language used in the agreement. Levine v. Massey, supra,232 Conn. 278 (a court cannot import into an agreement a different meaning nor can the construction of the agreement be changed to vary the express limitations of its terms). This conclusion is fortified by the application of the principle that a contract in a reformation case is to be construed against the party who drew it. Greenwich Contracting Co. v.Bonwit Construction Co., supra, 156 Conn. 130. Here, the plaintiff is not arguing that the language with regard to CRT royalties is ambiguous, but CT Page 319 rather that it is misstated by way of a scrivener's error. This is not enough for purposes of reformation. Id. (a court must act with the utmost caution and can only grant the relief requested if the prayer for reformation is supported by evidence that is clear, substantial and convincing).
With regard to the plaintiff's claim for recission, this court concludes that the plaintiff's attempts to rescind the agreement are unavailing because there is no showing that the defendant failed to perform the basics of its contractual agreement. Paul Revere Life Ins.Co. v. Pastena, 52 Conn. App. 318, 725 A.2d 996 (1999). "Recission of a contract is an appropriate remedy if there has been a material misrepresentation of fact upon which a party relied and which caused it to enter the contract. . . . Recission, simply stated, is the unmaking of a contract. It is a renouncement of the contract and any property obtained pursuant to the contract, and places the parties, as nearly as possible, in the same situation as existed just prior to the execution of the contract." Id., 325. In the present case, the plaintiff has received royalties of some $4 million dollars under the terms of the present agreement. Moreover, the language contained in the agreement now in question does not exclude the plaintiff from receiving royalties for designs or inventions developed prior to September 1, 1996, or for those designs or inventions that are based on existing technologies, the agreement only excludes the plaintiff from receiving royalties for those designs or inventions that use new technologies developed after September 1, 1996. Based on the evidence presented to the court, the court concludes that there are no material facts in dispute. The language used in the agreement is what was intended by the parties prior to executing the contract and, therefore, recission of the contract is not appropriate.
 CONCLUSION
For the foregoing reasons, the defendant's motion for summary judgment, as to count two of the plaintiff's complaint, is granted.
By the Court,
Kevin E. Booth Judge of the Superior Court