16-611-cv
Smith v. Wells Fargo Bank, N.A.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand sixteen.

PRESENT: BARRINGTON D. PARKER,
REENA RAGGI,
PETER W. HALL,
*Circuit Judges*.

------------------------------------------------------------------------

ALLYSON SMITH,
*Plaintiff-Appellant*,

v.                                                     No. 16-611-cv

WELLS FARGO BANK, N.A.,
*Defendant-Appellee*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:      RANDALL S. NEWMAN, Wolf Haldenstein Adler Freeman & Herz LLP, New York, New York.

APPEARING FOR APPELLEE:      DAVID M. BIZAR (Robert J. Carty, Jr., Seyfarth Shaw LLP, Houston, Texas, *on the brief*), Seyfarth Shaw LLP, Boston, Massachusetts.

Appeal from a judgment of the United States District Court for the District of

Connecticut (Stefan R. Underhill, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 8, 2016, is AFFIRMED.

Plaintiff Allyson Smith appeals from the dismissal of her complaint alleging that defendant Wells Fargo Bank ("Wells Fargo") violated the Truth in Lending Act ("TILA"), *see* 15 U.S.C. §§ 1601 *et seq.*, by misstating her rescission expiration date in notices it provided her in connection with a mortgage-loan refinancing.[1] We review *de novo* the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in plaintiff's favor. *See Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm substantially for the reasons stated by the district court. *See Smith v. Wells Fargo Bank, N.A.*, 158 F. Supp. 3d 91, 97–99 (D. Conn. 2016).

TILA affords a borrower three business days during which to rescind a covered loan transaction, calculated from "consummation of the transaction," the delivery of the required rescission forms, or the delivery of the material disclosures required by the statute, whichever is latest. 15 U.S.C. § 1635(a). If proper forms are never provided, the borrower's right of rescission survives until three years after the transaction consummation date or until sale of the property, whichever occurs first. *Id.* § 1635(f).

---

[1] Smith also brought claims under the Connecticut Unfair Trade Practices Act, which the district court dismissed for failure to state a claim and, in the alternative, as preempted. Because she does not challenge the dismissal of those state claims, we consider any such argument waived. *See Bishop v. Wells Fargo & Co.*, 823 F.3d 35, 50 (2d Cir. 2016).

TILA's implementing regulations require rescission forms "clearly and conspicuously" to advise a borrower of "the date the rescission period expires." 12 C.F.R. § 1026.23(b)(1)(v).

The parties agree that, on March 9, 2012, Smith received from Wells Fargo a "Close at Home Mortgage Kit" that included rescission forms advising her that her rescission period would expire on "3/29/12," three business days from "the date of the transaction, which is 3/26/12," the deadline for Smith to return signed acceptance documents to Wells Fargo. J.A. 21. Smith, however, argues that her transaction did not consummate until March 30 or 31, making the date of rescission in Wells Fargo's notice inaccurate and, thereby, making her rescission more than two years later timely under 15 U.S.C. § 1635(f). Like the district court, we reject Smith's argument for a consummation date later than March 26, 2012.

1. Date of Consummation of Transaction

TILA's regulations define "consummation" as "the time that a consumer becomes contractually obligated on a credit transaction," 12 C.F.R. § 1026.2(a)(13), a matter decided by reference to state law, *see id.* pt. 1026, supp. I, pt. 1, 2(a)(13).

"To form a contract" under Connecticut law, "generally there must be a bargain in which there is a manifestation of mutual assent to the exchange between two or more parties," which manifestation "may be made wholly or partly by written or spoken words or by other acts." *Bartomeli v. Bartomeli*, 65 Conn. App. 408, 414, 783 A.2d 1050, 1055 (2001) (internal quotation marks omitted). Thus, it has long been recognized that, when the "proposition of one party" is "met by an acceptance of the other, which

3

corresponds with it," a contract is formed. *Hoffman v. Fidelity & Cas. Co. of N.Y.*, 125 Conn. 440, 444, 6 A.2d 357, 359 (1939) (internal quotation marks omitted); *accord Geary v. Wentworth Labs., Inc.*, 60 Conn. App. 622, 627, 760 A.2d 969, 972–73 (2000).

Wells Fargo's March 9, 2012 Mortgage Kit—which included the note, mortgage deed, two copies of the requisite Notice of Right to Cancel, a TILA disclosure statement, a HUD-1 Settlement Statement ("HUD-1"), and a letter outlining the transaction and indicating that the materials must be returned "no later than 03/26/12," J.A. 30—constituted the lender's "proposition." Smith's execution of all documents in the Mortgage Kit, which she acknowledged doing on "March 13, 2012," and "sen[ding] . . . to Wells Fargo several days thereafter," *id.* at 10, constituted her perfectly corresponding acceptance.

Thus, like the district court, we conclude that, as a matter of Connecticut law, Smith became contractually obligated on March 13, 2012, or soon after, when she transmitted the executed documents to Wells Fargo. *See Smith v. Wells Fargo Bank, N.A.*, 158 F. Supp. 3d at 99 (finding it unnecessary to decide whether execution or transmittal effected consummation); *see also Echavarria v. Nat'l Grange Mut. Ins. Co.*, 275 Conn. 408, 417 n.10, 880 A.2d 882, 888 n.10 (2005) ("[A] contract is regarded as made at the time and place that the letter of acceptance is put into the possession of the postal service.").

In urging otherwise, Smith argues that there is no record evidence of when she mailed the executed documents back to Wells Fargo, precluding a finding that she did so on or before March 26. But where, as here, March 26 was the deadline and the loan

4

indisputably was financed, the record can only support an inference that Smith complied with that deadline, absent facts to the contrary, which are not alleged here. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility [so as to survive motion to dismiss] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). To the contrary, Smith alleges that she returned the documents to Wells Fargo "several days" after signing them on March 13, which, even drawing reasonable inferences in her favor, does not suggest two weeks or more later. *See generally Black's Law Dictionary* 1498 (9th ed. 2009) (defining "several" as "more than one or two but not a lot").

No different conclusion is warranted by language in the Wells Fargo letter accompanying the Mortgage Kit, which "reserve[d] the right to modify or eliminate this Home Affordable Refinance Program (HARP) at any time without notice to [Smith]." J.A. 30. Smith specifically disclaims any argument that Wells Fargo was making an illusory offer in the Mortgage Kit. *See* Appellant's Br. 19. Thus, this language is properly construed as a condition precedent, *i.e.*, that Wells Fargo must still be providing HARP loans when Smith returned her loan documents. *See Lach v. Cahill*, 138 Conn. 418, 421, 85 A.2d 481, 482 (1951) (noting that condition precedent is "fact or event which the parties intend must exist or take place before there is a right to performance"). Even if such a condition affected formation of the contract, and not simply performance, it would not support Smith's argument because the condition was satisfied here, making her contract obligation effective, and her transaction consummated by, no later than the March 26 date in her notice. *See BG Grp., PLC v. Republic of Argentina*, 134 S. Ct.

5

1198, 1207 (2014) (citing *Williston on Contracts* § 38.4 for principle that "condition precedent determines what must happen before a contractual duty arises but does not make the validity of the contract depend on its happening" (internal quotation marks omitted)); *Sicaras v. City of Hartford*, 44 Conn. App. 771, 780, 692 A.2d 1290, 1296–97 (1997) (describing defendant's approval as condition precedent that did not affect contract formation); *see also Hatheway Farms Ass'n, Inc. v. Hatheway Farms of Suffield, LLC*, 135 Conn. App. 1, 11, 43 A.3d 175, 181 (2012).

That conclusion is only reinforced by the fact that TILA's regulatory definition of consummation focuses on when the "*consumer* becomes contractually obligated on a credit transaction." 12 C.F.R. § 1026.2(a)(13) (emphasis added); *see Bragg v. Bill Heard Chevrolet, Inc.*, 374 F.3d 1060, 1066 (11th Cir. 2004) (determining that consumer was contractually obligated under TILA after signing agreement even if creditor had not signed); *Nigh v. Koons Buick Pontiac GMC, Inc.*, 319 F.3d 119, 122 (4th Cir. 2003), *rev'd on other grounds*, 543 U.S. 50 (2004) (same); *cf. Murphy v. Empire of Am., FSA*, 746 F.2d 931, 935 (2d Cir. 1984) ("The focal point for possible reconsideration by the borrower is when he becomes contractually bound, which normally occurs when he signs the commitment."); *Bryson v. Bank of New York*, 584 F. Supp. 1306, 1317 (S.D.N.Y. 1984) (describing consummation as point at which "consumer . . . makes a choice and commits himself or herself to the purchase of credit, without regard for the degree of commitment of the lender").

Smith nevertheless insists that consummation of her transaction could not have occurred before Wells Fargo's March 30 telephone call confirming that her loan would

6

be funded because, on March 5, Wells Fargo had instructed her to continue making payments on her existing loan until she received notice that her refinancing had been approved. The argument fails because the March 5 conversation could not override the written terms of an agreement to which Smith consented by executing and returning the loan documents. Indeed, the Mortgage Kit letter itself stated that, if Smith executed the new loan documents, she "may skip [her] April mortgage payment." J.A. 30. Smith's reliance on the HUD-1's date of March 31 is no more availing in delaying the date of consummation because Smith transmitted it back to Wells Fargo on or before March 26, thereby becoming contractually obligated.

We also identify no merit in Smith's claim that the notices she received were not clear as to the date her right to rescind expired. The notices stated that Smith had a right to cancel "within three business days from whichever of the following events occurs last: (1) the date of the transaction, which is 03/26/12; or (2) the date you received your Truth-in-Lending disclosures; or (3) the date you received this notice of your right to cancel." J.A. 21. The second and third events having occurred on March 9, 2012, there could be no question that Smith's rescission expiration period did not start to run until March 26. Further, her notice reiterated that "you must send the notice no later than midnight of 03/29/12, (or midnight of the third business day following the latest of the three events listed above)." *Id.* Thus, Smith cannot plausibly maintain that she was not given clear notice as to the expiration date of the rescission period.

Finally, Smith's statute-of-frauds argument in her reply brief fares no better. Arguments first made in a reply brief are waived. *See Bishop v. Wells Fargo & Co.*,

7

823 F.3d 35, 50 (2d Cir. 2016).   But even if Smith could clear that hurdle, the argument fails because, for the relevant period, it is Wells Fargo that is seeking to enforce the agreement, which Smith indisputably signed.   *See* Conn. Gen. Stat. § 52-550.

2.    Conclusion

We have considered Smith's other arguments and conclude that they are without merit.   Accordingly, we AFFIRM the judgment of dismissal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8