PAUL REVERE LIFE INSURANCE COMPANY *v.*
JANIS A. PASTENA
(AC 17434)

Foti, Lavery and Daly, Js.

Argued December 1, 1998—officially released March 16, 1999

*John F. McKenna*, with whom was *Rebecca B. Lamont*, for the appellant (defendant).

*Linda L. Morkan*, with whom, on the brief, was *Theodore J. Tucci*, for the appellee (plaintiff).

*Opinion*

FOTI, J. The defendant appeals from the summary judgment rendered by the trial court in favor of the plaintiff. The defendant claims that the trial court improperly (1) determined that there were no genuine issues of material fact and relied on certain evidence in rendering summary judgment and (2) granted the remedy of rescission. We affirm the judgment of the trial court.[1]

The following facts are relevant to the resolution of this appeal. In February, 1994, the defendant, Janis A. Pastena, a surgeon, applied for a surgeon specific disability income insurance policy with the plaintiff, Paul Revere Life Insurance Company. At that time, the defendant indicated on her insurance application that she was

---

[1] Because we conclude as we do, we find it unnecessary to address the plaintiff's alternate ground for affirmance, i.e., that the defendant materially breached the terms of the insurance policy that the plaintiff had issued to her.

presently covered under a disability insurance policy through the American College of Physicians and Surgeons (ACS policy). She further indicated that the ACS policy would be discontinued.

The application for insurance with the plaintiff had asked, "Is policy applied for intended to replace or change any existing insurance?" to which the defendant answered in the affirmative. In describing this preexisting insurance, the defendant referred to the ACS policy and indicated that it was "to be discontinued," giving an effective date of discontinuance as March 15, 1994. Above the signature section, the application stated, inter alia: "It is understood and agreed as follows . . . (2) I will discontinue any policy(ies) shown to be discontinued in answer to questions [above] on or before the date(s) indicated. The Company will rely on such answers in determining the amount, if any, of insurance it will issue. (3) No agent or broker has authority to waive the answer to any question, to determine insurability, to waive any of the Company's rights or requirements, or to make or alter any contract or policy."

On May 9, 1994, the plaintiff issued the policy. This decision was based on the defendant's representations in her application, including her declaration that she would discontinue her existing ACS policy. On July 14, 1994, and on various dates thereafter, the plaintiff notified the defendant that it had discovered that the defendant's ACS policy was still in effect and requested that she discontinue it. On April 12, 1996, after learning that the ACS policy was still in force, the plaintiff wrote to the defendant notifying her that, in light of her failure to drop the ACS coverage, her policy with the plaintiff was rescinded. In addition, the plaintiff issued the defendant a check for $6977.19 as a refund for the premiums that she had already paid. The defendant then returned the check to the plaintiff, whereupon the plaintiff commenced this action.

The plaintiff filed a two count complaint against the defendant. The first count of the complaint alleged that the defendant had made material misrepresentations in her policy application with the plaintiff. The second count alleged that the defendant had materially breached the terms of the policy. On the basis of those claims, the plaintiff sought a rescission of the policy.

On February 4, 1997, the plaintiff filed a motion for summary judgment, together with an affidavit and other supporting documentation. In response, the defendant filed a memorandum in opposition to the plaintiff's motion, attaching her own affidavit and various exhibits. On July 10, 1997, the trial court rendered summary judgment in favor of the plaintiff and adjudged the remedy of rescission to be appropriate. This appeal followed.

The standard of review of a trial court's decision granting a motion for summary judgment is well settled and is not challenged in this case. Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A "material fact" is a fact that will make a difference in the result of a case. *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578, 573 A.2d 699 (1990). "The test is whether a party would be entitled to a directed verdict on the same facts." *Batick* v. *Seymour*, 186 Conn. 632, 647, 443 A.2d 471 (1982).

A trial court, in deciding a motion for summary judgment, "must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, 219 Conn. 772, 781, 595 A.2d 334 (1991); *Remington* v. *Aetna Casualty & Surety Co.*, 35

Conn. App. 581, 583, 646 A.2d 266 (1994), on appeal after remand, 240 Conn. 309, 692 A.2d 399 (1997). "In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact." *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980). Although the moving party must show the nonexistence of any material fact, an opposing party must substantiate its adverse claims by showing that there is a genuine issue of material fact along with the evidence disclosing the existence of such an issue. *Home Ins. Co.* v. *Aetna Life & Casualty Co.*, 235 Conn. 185, 202, 663 A.2d 1001 (1995).

"[C]onstruction of a contract of insurance presents a question of law for the court which this court reviews de novo." *Aetna Life & Casualty Co.* v. *Bulaong*, 218 Conn. 51, 58, 588 A.2d 138 (1991).

I

The defendant first claims that there were genuine issues of material fact and that the trial court improperly granted summary judgment in favor of the plaintiff. The defendant claims that the trial court improperly concluded, as a matter of law, that she had made material misrepresentations in her application for disability insurance.[2] We do not agree.

"Where there is no ambiguity [in the language of a contract] . . . there is no occasion for construction [to determine intent] and the agreement will be enforced as its terms direct." *McHugh* v. *McHugh*, 181 Conn. 482, 491, 436 A.2d 8 (1980). Contract language is unambiguous when it has a definite and precise meaning about which there is no reasonable basis for a difference of opinion. *Levine* v. *Advest, Inc.*, 244 Conn. 732, 746, 714 A.2d 649 (1998). The statements and answers made by

---

[2] In the alternative, the trial court also concluded that the defendant materially breached the terms of the policy; however, summary judgment was rendered on the basis of material misrepresentation.

the defendant here are unambiguous, and there is no place for any inquiry as to her intent. "A contract should be construed so as to give full meaning and effect to all of its provisions . . . ." (Internal quotation marks omitted.) Id., 753. There is no dispute that the statements and answers contained in an insurance application become part of that application and any contract of insurance issued on it,[3] and that these statements and answers are material. *State Bank & Trust Co.* v. *Connecticut General Life Ins. Co.*, 109 Conn. 67, 70, 145 A. 565 (1929). If the material representations are untrue, they "invalidate the policy without further proof of actual conscious design to defraud." Id., 72. An insurer has a right to rescind for a material misrepresentation on an insurance application if it is not an innocent misrepresentation, but one "known by the insured to be false when made." *Middlesex Mutual Assurance Co.* v. *Walsh*, 218 Conn. 681, 692, 590 A.2d 957 (1991).

The defendant's affidavit in opposition to the plaintiff's motion for summary judgment does not claim that the statements were true when made, or even that she thought they were true, but rather that she never made them. The defendant claims that an agent[4] of the plaintiff

---

[3] In fact, the application signed by the defendant stated: "I have read the statements and answers recorded [in the application]. They are, to the best of my knowledge and belief, true and complete and correctly recorded. *They will become part of this Application and any policy(ies) issued on it.*" (Emphasis added.)

[4] On appeal, the defendant, for the first time, alleges that the agent was an agent for the plaintiff who had authority to modify the terms of the policy. Such determinations, she argues, are factual and preclude the granting of summary judgment. By its pleadings, the plaintiff claimed that the agent was the defendant's insurance broker. The defendant did not raise by special defense this person's status as an agent for the plaintiff and his authority to act on its behalf. The defendant did refer to this agent as the plaintiff's agent in her affidavit filed in opposition to the plaintiff's motion. It is clear, however, from the face of the application, that "[n]o agent or broker [had] authority to waive the answer to any question, to determine insurability, to waive any of the Company's rights or requirements, or to make or alter any contract or policy."

filled out the application and that the defendant either "did not see or examine [it] carefully." In her affidavit, the defendant claims that she never intended to discontinue the ACS policy but, perhaps, intended to modify it. The application, however, clearly states above the signature section: "I have read the statements and answers recorded [in the application]. They are, to the best of my knowledge and belief, true and complete and correctly recorded. They will become part of this Application and any policy(ies) issued on it."

The trial court properly concluded, as a matter of law, that the defendant knowingly made the misrepresentation contained in her insurance application and that her admitted failure to read or examine the application carefully did not excuse or cause the misrepresentation to be innocent. We also conclude that the misrepresentation was material because it is clear, both on the face of the application and through the affidavits submitted, that the plaintiff would not have issued the insurance policy without the defendant's promise to discontinue her ACS policy.

We must also conclude that the trial court did not improperly rely on evidence presented in the form of the contract and the affidavits.[5] Because no genuine issues of material fact exist, the trial court properly concluded that the plaintiff was entitled to judgment as a matter of law.

## II

The defendant next claims that the trial court improperly allowed the plaintiff to rescind the contract of insurance because it had waived that right, and because

---

[5] To reach the conclusion that material misrepresentations were made, the trial court considered only the application itself and the defendant's affidavit. Because those documents constituted a sufficient basis for the trial court's action, we conclude that it is unnecessary to review other documents or affidavits not relied on by the trial court, which the defendant

the defendant cannot be restored to the position she was in before the policy was issued. We disagree.

"Rescission of a contract is an appropriate remedy if there has been a material misrepresentation of fact upon which a party relied and which caused it to enter the contract. . . . Rescission, simply stated, is the unmaking of a contract. It is a renouncement of the contract and any property obtained pursuant to the contract, and places the parties, as nearly as possible, in the same situation as existed just prior to the execution of the contract. A condition precedent to rescission is the offer to restore the other party to its former condition as nearly as possible." (Citations omitted.) *Kavarco* v. *T.J.E., Inc.*, 2 Conn. App. 294, 298–99, 478 A.2d 257 (1984).

The defendant argues that because surgeon specific coverage is no longer available in the insurance industry, she cannot be put back into the same position that she was in before entering the contract. The defendant claims that the plaintiff had led her to believe that she could keep her ACS coverage and, "[b]y stringing [the defendant] along, [she] lost her ability to obtain surgeon specific coverage anywhere." The defendant's argument of detrimental reliance is without merit. By her pleadings and affidavit, the defendant admitted to never reducing the benefits in her ACS policy. Even if she had somehow relied on representations of the plaintiff, she never changed her position, thereby incurring some injury. Nor is there any validity to her argument that because this particular type of insurance is no longer available, she has been injured. She cannot here claim a right to be overinsured. The trial court did not improperly adjudge the remedy of rescission to be appropriate.

The judgment is affirmed.

In this opinion the other judges concurred.

claims caused the plaintiff's evidence to be insufficient for purposes of rendering a summary judgment.