[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This court must decide whether to grant the plaintiffs' motion for summary judgment on the ground that there is no genuine issue of material fact with regard to liability and that the plaintiffs are entitled to judgment as a matter of law. In the 1980s, the defendant, Mark Blechman (Blechman) and Asher Milchman (Milchman) formed an auction and antique resale business known as International Fidelity, Inc. (IFI). The IFI office was originally located in Millburn, New Jersey, but was moved to Stamford, Connecticut, in 1989 or 1990. Abraham Ariel and Marcelle Esther Ariel, the plaintiffs, were long-time acquaintances of Milchman and had made a series of loans to Milchman "in IFI." Milchman used this money as working capital for IFI. In June, 1992, Blechman and Milchman decided to terminate their relationship and entered into a written agreement (the Agreement). The terms of the Agreement stated, inter alia, the following: "Blechman shall retain use of the corporate name INTERNATIONAL FIDELITY, INC. d/b/a IFI, or the use of IFI as an acronym in the tri-state area; New York, New Jersey and Connecticut" and "[a] liability to CT Page 3994 Marcelle Esther Ariel and Abraham Ariel in the total amount of $578,000.00 shall be divided in the following manner: a) The sum of $314,000.00 shall be the responsibility of State Auction Liquidators, Inc. and ASHER MILCHMAN; b) The sum of $264,000.00 shall be the responsibility of IFI and MARK BLECHMAN." The Agreement was signed by Blechman both as president of IFI and in his individual capacity. No payments have been received from the defendants since 1996.
The plaintiffs filed their initial complaint in April, 1997 against Blechman and International Fidelity, Inc. and International Fiduciary, Inc.[1] The first count of their complaint alleges breach of contract, the second count alleges a claim as third party beneficiaries, the third count claims unjust enrichment, the fourth count alleges a claim for action on account stated and the fifth count alleges a violation of CUTPA. On October 28, 1999, the plaintiffs filed a motion for summary judgment, moving the court to enter summary judgment in their favor on all issues of liability.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the I party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. "(Internal quotation marks omitted.) Maffucci v. RoyalPark Ltd. Partnership, 243 Conn. 552, 554, 707 A.2d 15 (1998). "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citation omitted; internal quotation marks omitted.) United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 378, 260 A.2d 596
(1969). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Id., 379. "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829. CT Page 3995
"A summary judgment motion, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages. In such a case the judicial authority shall order an immediate hearing before a judge trial referee, before the court, or before a jury, whichever may be proper, to determine the amount of the damages." Arrowhead by theLake Assn., Inc. v. Arrowhead by the Lake. Inc., Superior Court, judicial district of Waterbury, Docket No. 128458 (January 21, 1999, West, J.). See also Practice Book § 17-50.[2]
The issue before the court on the present motion is whether there is a genuine issue of material fact that the parties to the contract intended to confer a direct benefit on the plaintiffs. While the court is aware that "[s]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions"; Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 111, 639 A.2d 507 (1994); "[t]he summary judgment rule would be rendered sterile . . . if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion." (Internal quotation marks omitted.) Reynolds v. Chrysler First CommercialCorp., 40 Conn. App. 725, 731, 673 A.2d 573, cert. denied,237 Conn. 913, 675 A.2d 885 (1996).
"The proper test to determine whether a [contract] creates a third party beneficiary relationship is whether the parties to the [contract] intended to create a direct obligation from one party to the [contract] to the third party." Rapaport Benedict,P.C. v. Stamford, 39 Conn. App. 492, 498, 664 A.2d 119 (1995). "Where there is no ambiguity [in the language of a contract] . . . there is no occasion for construction [to determine intent] and the agreement will be enforced as its terms direct." Paul Revere Life Ins. Co. v. Pastena, 52 Conn. App. 318,322, 725 A.2d 996 (1999) quoting McHugh v. McHugh, 181 Conn. 482,491, 436 A.2d 8 (1980).
The language of the Agreement among Milchman, Blechman and Blechman as president of; IFI, is clear and unambiguous in this case. The Agreement provided that the "liability to MarcelleEsther Ariel and Abraham Ariel . . . shall be divided in the following manner . . . [t]he sum of $264,000.00 shall be theresponsibility of IFI and MARK BLECHMAN." (Emphasis added.) The plain language of this provision creates a direct obligation from IFI and Mark Blechman to the plaintiffs.[3] "The question is CT Page 3996 not what intention existed in the minds of the parties but whatintention is expressed in the language used." (Emphasis in original.) Connecticut Housing Finance Authority v. John FitchCourt Associates. Ltd. Partnership, 49 Conn. App. 142, 147,713 A.2d 900, cert. denied, 247 Conn. 908, 719 A.2d 901 (1998). The terms of the Agreement clearly establish that the defendants assumed a direct obligation of $264,000.00 to the plaintiffs.
The defendants' direct obligation to the plaintiffs is further confirmed by their actions subsequent to the Agreement. Two checks drawn on IFI's account in the amount of $25,000.00 each were delivered to the plaintiffs. Additionally, a letter written by Blechman on November 6, 1992, illustrates the defendants' direct obligation to the plaintiffs. Defendants cite to this letter in their memorandum and state: "That letter . . . provides a brief outline of a payment schedule, whereby Blechman was to make payments to Milchman, who would then presumably pay the plaintiffs. Most importantly, the aforementioned letter reflects Blechman's understanding, shortly after making the Agreement. That is, he was to pay his debt to Milchman, not directly to the plaintiffs." Rather, the court finds the letter to be indicative of the defendants' direct obligation to the plaintiffs. If. Blechman owed an obligation to Milchman and not to the plaintiffs, it is counterintuitive that Blechman would address a letter concerning a payment schedule to the plaintiffs and not to Milchman.[4]
In their answer, the defendants have asserted the special defenses of usury and lack of privity. "[S]ince a single valid defense may defeat recovery, claimant's motion for summary judgment should be denied when any defense presents significant fact issues that should be tried." Union Trust Co. v. Jackson,42 Conn. App. 413, 417, 679 A.2d 421 (1996). There are no issues of material fact with regard to the defendant's claim of usury in violation of General Statutes § 37-4[5] Assuming arguendo
that the action was on the loans themselves and not on the defendants' assumption of a direct obligation to the plaintiffs in consideration of the release of their obligations to Milchman, General Statutes § 37-4 nevertheless does not apply. Although the defendants claim that § 37-4 prohibits loans of fifteen percent, § 37-9[6] exempts certain loans from the general usury law. The money loaned by the plaintiffs falls under the exception in § 37-9 which provides that § 37-4 does not apply to a loan made to a "domestic corporation" or "any individual" as long as the corporation or individual is engaged CT Page 3997 in "commercial, manufacturing, industrial or nonconsumer pursuits" and as long as the funds are "utilized in such entity's business or investment activities" and further as long as the amount is greater than $10,000.00. Thus, the defense of usury does not serve to defeat summary judgment in the present case.
The defendants claim additionally that because of a lack of privity, the plaintiffs fail to state a cause of action. Connecticut courts have consistently held that, "[a] third party beneficiary may enforce a contractual obligation without being in privity with the actual parties to the contract." Gateway v.DiNoia, 232 Conn. 223, 230, 654 A.2d 342 (1995). Thus, the defense of lack of privity does not serve to defeat summary judgment in the present case.
Because the court grants the plaintiffs' motion for summary judgment as to liability on the third party beneficiary claim, it is unnecessary to consider the plaintiffs' count for unjust enrichment. "[U]njust enrichment is an equitable doctrine which is applied only after it is determined that the plaintiff has no proper remedy at law. Unjust enrichment . . . applies wherever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract. . . . A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another." (Citations omitted; internal quotation marks omitted.) Arrowhead by the Lake Assn., Inc. v. Arrowhead bythe Lake. Inc., supra, Superior Court, Docket No. 128458. Because the court has granted the plaintiffs motion with respect to their claim as third party beneficiaries, the plaintiffs are not entitled to judgment on their claim of unjust enrichment.
In conclusion, the defendants have failed to provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact concerning the liability of the defendants on the note. The defendants have also failed to raise a question of fact in support of the special defense of usury or lack of privity. The plaintiffs, through the evidence proffered in support of the motion for summary judgment, have met their burden of showing that the defendants are liable on the Agreement and, therefore, are entitled to summary judgment. Since, however, the amount owed to the plaintiff is in dispute, the court, pursuant to Practice Book § 17-50, grants summary judgment only as to CT Page 3998 the liability of the defendants.
So Ordered.
D'ANDREA, J.