[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#114)
Before the court is the plaintiffs' motion for summary judgment filed on February 4, 1999. The plaintiffs herein are the Clarity Health Assessment Systems, Inc., Paul F. Turner, David R. Avila, and Daniel E. Turner. The defendant herein is Barry Schlosser.
The plaintiffs allege the following facts in their complaint.[1]
Clarity Health Assessment Systems, Inc., is a Connecticut corporation with its principal place of business in Norwalk, Connecticut. The individual plaintiffs and the defendant were shareholders and directors of the plaintiff corporation. The plaintiff corporation adopted its by-laws in March, 1995. In August, 1995, the individual plaintiffs entered into a shareholders agreement with the defendant. In August, 1996, the defendant entered into an employment agreement with the plaintiff corporation. In March, 1997, the individual plaintiffs and the defendant executed a certificate of value pursuant to paragraph 4(c) of the shareholders agreement. On March 13, 1998, the defendant sent a notice to the board of directors of the plaintiff corporation, terminating his employment with the plaintiff corporation effective immediately.
According to the terms of the shareholders agreement when the defendant terminated his employment contract, the plaintiff corporation had the option of purchasing the fifty two shares owned by the defendant. By notice dated March 19, 1998. the individual plaintiffs called a special meeting of the board of directors on March 31, 1998, to determine whether the plaintiff corporation should exercise this option. The individual plaintiffs and the defendant attended the special meeting on March 31, 1998. At the special meeting, the individual plaintiffs, by unanimous vote, adopted a resolution authorizing the plaintiff corporation to exercise the option. The resolution adopted by the board, pursuant to the terms of paragraph 4 of the shareholders agreement, provided that the defendant's fifty two shares would be purchased at a price of $550 per share, payable as follows: $7,150 in bank or certified funds on the closing date and $21,450 by promissory note executed by the plaintiff corporation and payable in twenty quarterly installments at the prime rate of interest listed in the Wall Street Journal.
According to the transcript of the March 31, 1998 meeting, the defendant objected to the meeting being held and to any transactions arising out of the meeting. (Plaintiffs' Memorandum in Support of the CT Page 9401 Motion for Summary Judgment, Exhibit I, pp. 2-3.) Under the terms of the shareholders agreement, paragraph 5(f), the defendant was not entitled to vote on whether the plaintiff corporation should exercise the option. The defendant failed or refused to attend the closing on April 8, 1998. However, the plaintiffs tendered to the defendant a cashier's check in the amount of $7,150, along with a promissory note in the amount of $21,450. On the same day, the defendant, through a letter from his attorney, rejected the plaintiffs' tender and returned the cashier's check and promissory note therewith. To date, the defendant has not conveyed his shares in the plaintiff corporation. By an amended complaint dated July 24, 1998, the plaintiffs commenced the present action in which they assert that the defendant violated a contractual agreement to sell his shares in the plaintiff corporation back to the plaintiff corporation.
On February 4, 1999, the plaintiffs filed a motion for summary judgment in which they assert that there are no genuine issues of material fact as to their claim because the defendant had a contractual obligation to sell his shares back to the plaintiff corporation when he terminated his employment contract. Accordingly, in their demand for relief, the plaintiffs seek a decree directing the defendant to sell his shares in the plaintiff corporation as required by the shareholders agreement; a decree that vests title to the shares owned by the defendant in the plaintiff corporation; an injunction to restrain the defendant from conveying, encumbering or in any manner disposing of his shares, except as provided by the shareholders agreement; and any other relief as the plaintiffs may be entitled to at law or equity.
The defendant filed an objection to the motion for summary judgment and a supporting affidavit on March 1, 1999. The defendant contends that issues of fact exist as to whether the individual plaintiffs were authorized to take certain corporate actions on behalf of the plaintiff corporation, including giving notice of and holding the special meeting on March 31, 1998, voting at the special meeting, and commencing the present suit. In addition, the defendant questions the validity of the shareholders agreement because, according to his allegations, the individual plaintiffs made intentional misrepresentations of fact related to the shareholders agreement which induced him to sign it. The defendant also questions whether summary judgment is proper because the plaintiffs have unclean hands; and whether the individual plaintiffs have standing to sue.
On March 1, 1999, the court, Hickey, J., granted the plaintiffs' motion for summary judgment. The file does not contain a memorandum of decision by the court.[2] The defendant thereafter filed a motion to reargue on March 19, 1999, which was granted by the court, Hickey, J. In response to CT Page 9402 the motion to reargue, the parties presented arguments to the court on July 17, 1999.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted). Community Action for Greater Middlesex County, Inc. v. AmericanAlliance Ins. Co., 254 Conn. 387, 397-398, 757 A.2d 1074 (2000). "As the party moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits." HeymanAssociates No. 1 v. Insurance co. of Pennsylvania, 231 Conn. 756, 796,653 A.2d 1001 (1995). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . [the nonmovant] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court." (Internal quotation marks omitted.) Zeller v.Consolini, 59 Conn. App. 545, 564, 758 A.2d 376 (2000). "A `material fact' is a fact that will make a difference in the result of a case."Paul Revere Life Ins. Co. v. Pastena, 52 Conn. App. 318, 321, 725 A.2d 996; cert. denied, 248 Conn. 917, 734 A.2d 567 (1999).
The plaintiffs contend that there are no issues of fact because the defendant failed to honor his contractual obligation to sell the shares he owned back to the plaintiff corporation. They assert that the shareholders agreement signed by the defendant provides in section 7(c) that "Upon . . . the termination . . . of a Shareholder's employment with the Corporation for any reason other than by the Corporation for cause, the Corporation shall have the option to purchase all, but not less than all, of the Stock held by such Shareholder and/or his Legal Representative at the price and on the terms and conditions set forth in paragraph 4. Said option shall be exercisable by Notice given by the Corporation within one hundred and eighty (180) days after the Disability, termination or nonrenewal, as applicable." The plaintiffs asserts that this provision was triggered by the defendant's March 13, CT Page 9403 1998 letter of resignation. Thus, when the plaintiff corporation, through its board of directors, passed a resolution to purchase the defendant's shares in the plaintiff corporation, the defendant was required to honor that resolution in light of the shareholders agreement. Accordingly, the plaintiffs assert that the defendant is bound by contract to sell his shares and they are entitled to summary judgment because no issues of fact exist.
The defendant, however, does not address the motion in light of the contract issue raised by the individual plaintiffs. Rather, he contends that issues of fact exist as to the validity and authority of the individual plaintiffs to act on behalf of the corporation. Specifically, the defendant contends that the actions taken by the individual plaintiffs in relation to the plaintiff corporation's option to purchase the defendant's shares were illegal and invalid. First, the defendant alleges that the March 31, 1998, special meeting was not properly called because under the by laws, only the president or the secretary of the corporation has the authority to call the special meeting. "Special meetings are those called by the officers authorized to do so, where any special business requires attention between the times of holding the regular meetings." 2 Fletcher Cyclopedia Corporations § 398, p. 279. Article two, section 4 of the by-laws provides "Special meetings of the Board of Directors may be called by the President at any time, and shall be called by the President or the Secretary upon the written request of any one Director." The defendant contends that he did not call the meeting because his resignation terminated his position as president. He further contends that the plaintiff corporation had no other officers at that time because their positions had been terminated in August, 1997. In support of his contention, the defendant supplemented his affidavit with three letters dated August 30, 1997, wherein the defendant, in his capacity as president and director of the plaintiff corporation, terminated the positions of each of the individual plaintiffs as officers effective immediately. Thus, the defendant alleges that a director could not have requested the secretary to call the special meeting because no one held the position of secretary.[3]
Second, the defendant contends that the board also failed to act in conformance with General Statutes § 33-749[4] and Article two, section 10 of the by laws, which authorize the transaction of business without a meeting. Article two, section 10 of the bylaws provides, in pertinent part, "Any corporate action which can be authorized at a duly constituted regular or special meeting of the Board of Directors or a Committee thereof may be authorized without such a meeting, provided that all of the Directors or all members of the Committee, as the case may be, consent in writing to such action before or after the time such action is taken and the number of such Directors or members constitutes a CT Page 9404 quorum for such action. The Secretary of the Corporation shall file such consents with the minutes of the meetings of the Board of Directors."
"It is fundamental that officers of boards can act as a board only when assembled as a board, and by deliberate and concerted action dispose of the issue under consideration, that they cannot act in an individual capacity outside of a formal meeting, and that a majority of the individual expressions is the action of the board." 2 Fletcher Cyclopedia Corporations § 392, p. 261. "[T]he general rule does not apply where it is the custom or usage of the directors to act separately, and not as a board." Id, § 394, p. 272. In addition, "[a] corporation or is stockholders may, by custom or general consent, waive the requirement of formal meetings of the board of directors.[5]" 18B Am.Jur.2d, Corporations § 1450. In the present case, there is no evidence that the plaintiff corporation or its board of directors established a custom or usage of conducting and/or transacting business without meetings. In addition, the defendant contends that the individual plaintiffs did not comply with the by laws because they failed to present evidence that they obtained and filed written consent authorizing the action from all directors. Thus, the defendant contends that the special meeting that was held was illegal and any actions or resolutions resulting from such meeting were invalid.
The court, upon reconsideration, finds that the defendant has raised issues of fact material to whether the plaintiff corporation could properly have exercised its option to purchase the shares owned by the defendant and whether the defendant is required to sell his shares back to the plaintiff corporation.[6]
Accordingly, the court vacates its decision dated March 1, 1999, and hereby denies the plaintiffs' motion for summary judgment.
So Ordered,
HICKEY, JTR