[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
 Facts
The plaintiff was the sole bidder at a tax sale conducted by the defendant, R. Thomas Crovo, Tax Collector, LLC (Crovo), on December 16, 2000 for property known as "The Torrington Project" located in Torrington, CT.
The plaintiff's bid was rejected by the defendant, Crovo, and the property was then purchased by the defendant, Crovo for itself, by way of a Tax Collector's Deed executed by Crovo to itself.
The plaintiff brings this action to have the Court enforce his bid for purchase of the property or other appropriate relief.
The defendants, Crovo and TransAmerica Business Credit Corp. (TransAmerica), who had assigned its lien rights to certain tax liens it had acquired from the town of Torrington to Crovo for this tax sale, now move for summary judgment to enter against the plaintiff.
The defendants raise three grounds for the summary judgment: (1) the plaintiff lacks standing; (2) the facts indicate the tax sale was done properly and therefore, the plaintiff has no basis for its claim; and (3) the plaintiff is not entitled to the requested remedy he seeks.
 Discussion
The Court first reviews the standards it must apply in deciding a motion for summary judgment. Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; H.O.R.S.E. of Connecticut, Inc. v. Washington, 258 Conn. 553,559 (2001); Alvarez v. New Haven Register, Inc., 249 Conn. 709, 714
(1991); Nichols v. Lighthouse Restaurant, Inc., 246 Conn. 156, 163
CT Page 8858 (1998); Peerless Ins. Co. v. Gonzalez, 241 Conn. 476, 481 (1997); seeSherwood v. Danbury Hospital, 252 Conn. 193, 201 (2000); Rivera v. DoubleA. Transportation, Inc., 248 Conn. 21, 24 (1999).
The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact which, under applicable principles of substantive law, entitles him to a judgment as a matter of law; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. H.O.R.S.E. of Connecticut, Inc. v. Washington, 258 Conn. 553, 559
(2001); Rivera v. Double A. Transportation, Inc., supra, 248 Conn. 24. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Witt v. St. Vincent'sMedical Center, 252 Conn. 363, 372 n. 7 (2000). "Although, the moving party must show the nonexistence of any material fact, an opposing party must substantiate its adverse claims by showing there is a genuine issue of material fact along with the evidence disclosing the existence of such an issue." Paul Revere Life Ins. Co. v. Pastena, 52 Conn. App. 318, 322, cert. denied, 248 Conn. 917 (1999).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts." Sherwood v. Danbury Hospital, supra, 252 Conn. 201; Serrano v.Burns, 248 Conn. 419, 424 (1999); Connell v. Colwell, 214 Conn. 242,246-47 (1990); Forte v. Citicorp Mortgage, Inc., 66 Conn App. 475, 482
(2001). In Connecticut, a directed verdict may be rendered only if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 380 (1969); Vuono v. Eldred,155 Conn. 704, 705 (1967). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500 (1988); Telesco v. Telesco, 187 Conn. 715, 718
(1982).
The first ground the defendants raise is that the plaintiff lacks standing to pursue this matter. This raises the issue of this Court lacking subject matter jurisdiction. Normally, lack of subject matter jurisdiction is raised by a motion to dismiss. See, Practice Book §10-30 et seq. However, Practice Book § 10-33 states that subject matter jurisdiction cannot be waived, and therefore, it may be raised at any time during the proceedings. CT Page 8859
"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue." (Citation omitted; internal quotation marks omitted.) State v. DeCaro, 252 Conn. 229, 253,747 A.2d 800 (2000).
The Court concludes that it has subject matter jurisdiction of this cause of action because the plaintiff is the proper party to request an adjudication of the issue before the Court. Otherwise, the plaintiff would have no other alternative remedy.
The second ground the defendants raise is that the sale was done properly and therefore, the plaintiff has no cause of action to pursue before this Court.
The Court disagrees. The Court finds that there are issues a material fact that would require adjudication at a trial.
In particular, the Court was persuaded by Middletown v. PG EnterprisesLtd. Partnership, 45 Conn. Sup. 435 (1998). The Court finds that an apparent issue of fact in this matter is whether the defendant, TransAmerica, in as signing its interest to Crovo, allowed Crovo to enforce TransAmerica's claim by way of a tax sale when TransAmerica did not have the authority to pursue a tax sale itself.
The defendants third ground is that the remedy the plaintiff seeks is not permissible.
Initially, the way to raise the legal sufficiency of a prayer for relief is by a motion to strike; (see; Practice Book § 10-39), and not by way of summary judgment. In addition, the plaintiff has also prayed for money damages, punitive damages and such other relief as in law or equity may appertain. The Court concludes that should the plaintiff prevail, the Court would have options in fashioning an appropriate remedy as prayed for by the plaintiff.
For all the foregoing reasons, the Court denies the defendants motion for summary judgment.
___________________ Agati, J. CT Page 8860