[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Facts:
The plaintiff alleges in his complaint that on or about April 14, 1998, while employed for the defendant, he slipped and fell at the defendant's premises sustaining injuries. The plaintiff further alleges that the defendant, at that time, did not have workers's compensation insurance in place, and therefore, he brings this action for damages pursuant to General Statutes § 31-284 (b).
The defendant moves for summary judgment on two grounds: 1) the plaintiff was not an "employee" of the defendant at the time of the incident and lacks standing to pursue this claim against the defendant and 2) if the plaintiff is an "employee" then this action is time-barred by the statute of limitations.
Discussion
The court first reviews the standards it must apply in deciding a motion for summary judgment. Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; H.O.R.S.E of Connecticut, Inc. v. Washington, 258 Conn. 553,559 (2001); Alvarez v. New Haven Register Inc., 249 Conn. 709, 714
(1991); Nichols v. Lighthouse Restaurant, Inc., 246 Conn. 156, 163
(1998); Peerless Ins. Co. v. Gonzalez, 241 Conn. 476, 481 (1997); seeSherwood v. Danbury Hospital, 252 Conn. 193, 201 (2000); Rivera v. DoubleA. Transportation, Inc., 248 Conn. 21, 24 (1999). CT Page 9275
The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact which, under applicable principles of substantive law, entitles him to a judgment as a matter of law; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. H.O.R.S.E. of Connecticut Inc. v. Washington, 258 Conn. 553, 559
(2001); Rivera v. Double A. Transportation, Inc., supra, 248 Conn. 24. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Witt v. St. Vincent'sMedical Center, 252 Conn. 363, 372 n. 7 (2000). "Although, the moving party must show the nonexistence of any material fact, an opposing party must substantiate its adverse claims by showing there is a genuine issue of material fact along with the evidence disclosing the existence of such an issue." Paul Revere Life Ins. Co. v. Pastena, 52 Conn. App. 318, 322, cert. denied, 248 Conn. 917 (1999).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts." Sherwood v. Danbury Hospital, supra, 252 Conn. 201; Serrano v.Burns, 248 Conn. 419, 424 (1999); Connell v. Colwell, 214 Conn. 242,246-47 (1990); Forte v. Citicorp Mortgage, Inc., 66 Conn. App. 475, 482
(2001). In Connecticut, a directed verdict may be rendered only if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 380 (1969); Vuono v. Eldred,155 Conn. 704, 705 (1967). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500 (1988); Telesco v. Telesco, 187 Conn. 715, 718
(1982).
The first ground the defendant raises is the issue of whether or not the plaintiff was an employee. The court has reviewed the affidavits and transcripts and concludes that the evidence viewed in the light most favorable to the plaintiff leads the court to find that there would be an issue of fact. Therefore, on this ground the motion for summary judgment is denied.
On the second ground the defendant argues that if it is found that the plaintiff is an employee then the action is time-barred.
The court in reviewing this claim finds that again in viewing the evidence in the light most favorable to the plaintiff, nonmovant, that if CT Page 9276 the plaintiff is an employee the court must now determine if the applicable limitation period applies.
The defendant relies upon General Statutes § 31-294c (a) which states:
 (a) No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury, provided, if death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent of dependents, or the legal representative of the deceased employee, may make claim for compensation within the two-year period or within one year from the date of death, whichever is later. Notice of a claim for compensation may be given tot he employer or any commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting from the accident, or the date of the first manifestation of a symptom of the occupational disease and the nature of the disease, as the case may be, and the name and address of the employee and of the person in whose interest compensation is claimed. An employee of the state shall send a copy of the notice to the Commissioner of Administrator Services. As used in this section, "manifestation of a symptom" means manifestation to an employee claiming compensation, or to some other person standing in such relation to him that the knowledge of the person would be imputed to him, in a manner that is or should be recognized by him as symptomatic of the occupational disease for which compensation is claimed. (Emphasis added).
The court, in reaching its decision in this matter, reviewed the case of Discuillo v. Stone Webster, 242 Conn. 570 (1997) on this issue. The Supreme Court in Discuillo concluded that the plaintiff's injury was "accidental" and therefore was subject to the workers' compensation benefits statutory provisions. The court then reviewed whether General Statutes § 31-294 precluded the action because the plaintiff did not commence an action for benefits until more than one year from the date of injury. The court concluded as follows:
CT Page 9277 . . . Accordingly, our conclusion that the plaintiff's injury in the present case is accidental for purposes of § 31-294 compels the conclusion that the limitation period on his claim began to run on the date of his heart attack, even though he was unaware that his injury was work-related.
 In the present case, the plaintiff never returned to work after his heart attack. Consequently, the date of his heart attack is also his last date of exposure to the relevant stresses. Because the plaintiff did not file his claim within one year of that date, we conclude that the commissioner in this case improperly exercised jurisdiction over the plaintiff's claim.
Id., 583.
In this action, the plaintiff's complaint is a one count complaint alleging specifically that he brings this action pursuant to General Statutes § 31-284 (b). The plaintiff is relying upon the workers' compensation statutes for jurisdiction and benefits/damages. For the plaintiff to avail himself of this remedy he must also comply with the applicable statute, § 31-294 c (a), for the limitation period to bring this action. The plaintiff commenced the present action by complaint dated April 11, 2000. The incident leading to the injury is alleged to have taken place on April 14, 1998. This action was commenced more than one year from the date of the incident.
Therefore, the court concludes that as to the issue of the limitation period to be applied, there is no genuine issue of material fact, and the court grants the defendant's motion for summary judgment.
Agati, J.