**COMMERCIAL UNION,**
**Plaintiff–Appellee,**

v.

**Franklin LORD and Sharon Shuman,**
**Defendants–Appellants.**

No. 06–0116–cv.

United States Court of Appeals,
Second Circuit.

March 20, 2007.

David R. Hornig, New York, NY, for Appellee.

Franklin Lord, Palmetto, FL, pro se, Appellant.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. CHESTER J. STRAUB, Hon. J. CLIFFORD WALLACE,* Circuit Judges.

### SUMMARY ORDER

Lord, *pro se,* appeals from a decision of the United States District Court for the District of Connecticut (Dominic J. Squatrito, *Judge* ), granting plaintiff's motion for summary judgment and declaring defendants' marine insurance policy void *ab initio.* We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues, which we reference only as necessary to explain our decision to affirm.

This Court reviews the district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). This Court asks whether the district court properly concluded that there were no genuine issues of material fact and the moving party was entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Miller v. Wolpoff,* 321 F.3d at 300.

Lord argues for the first time on appeal that the marine insurance policy was sold in violation of Connecticut law and that the doctrine of *uberrimae fidei* does not apply. However, it is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal. *Greene v. United States,* 13 F.3d 577, 586 (2d Cir.1994). Lord has not demonstrated that "manifest injustice" would result were this Court to refrain from considering these arguments for the first time on appeal, or that these arguments present "question[s] of law and there is no need for additional factfinding." *Allianz Ins. Co. v. Lerner,* 416 F.3d 109, 114 (2d Cir.2005). Thus, we decline to consider these issues on appeal.

Lord also argues that the District Court did not hold a hearing on the motion for summary judgment in violation of Rule 56 and the United States Constitution, im-

---

* The Honorable J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

properly relied solely on affidavits and hearsay evidence, did not consider the evidence in the best possible light for the nonmoving party, and improperly applied the doctrine of *uberrimae fidei* rather than estoppel. Rule 56 allows judgment to be rendered based on "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," and does not require a hearing. *See* Fed.R.Civ.P. 56. Due process does not require a hearing on a motion for summary judgment pursuant to Rule 56. *See Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir.1998). Furthermore, there is no evidence that the District Court improperly relied on any evidence presented with the motion or improperly applied the doctrine of *uberrimae fidei*, which Lord argued did apply in the district court.

Insofar as Lord argues, pursuant to *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that he was denied effective assistance of counsel, his claim is without merit because this is a civil, not a criminal case. *See United States v. Coven*, 662 F.2d 162, 176 (2d Cir.1981). Insofar as Lord argues that Commercial Union's attorney perpetuated a fraud on the District Court, he has not presented any evidence in support of this claim.

The District Court correctly concluded that Lord and Shuman made material misrepresentations on the marine insurance policy application, in violation of the doctrine of *uberrimae fidei, see Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 13 (2d Cir.1986), including the purchase date, purchase cost, and facts surrounding when and where the vessel was built and by whom, and their explanations for doing so are unavailing. Lord and Shuman bore the responsibility to reveal material information truthfully and Commercial Union bore no responsibility to infer the truth or further investigate the situation.

Accordingly, the District Court properly granted summary judgment to the plaintiff.

For these reasons, the District Court's judgment is AFFIRMED and the motion to amend the record is DENIED.