09-4436-cv
Lord v. International Marine Insurance Services

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand eleven.

PRESENT:
>AMALYA L. KEARSE,
>ROBERT D. SACK,
>ROBERT A. KATZMANN,
>>*Circuit Judges.*

_____

Franklin Lord,
>*Plaintiff-Appellant*,

Sharon Schumann,
>*Plaintiff*,

>-v.-                                                              09-4436-cv

International Marine Insurance Services, International Marine Underwriters, Alan Golden, Gary Golden,

>*Defendants-Appellees,*

Patricia Fitti, Eleanor J. Matson,

>*Defendants.*

_____

For Plaintiff-Appellant:                      Franklin Lord, *pro se*, Stonington, Conn.

For Defendants-Appellees International Marine Insurance Services, Alan Golden, and Gary Golden:

Christopher B. Weldon, Darren P. Renner, Keidel, Weldon & Cunningham, LLP, White Plains, N.Y.

For Defendant-Appellee International Marine Underwriters:

David R. Hornig, Nicoletti Hornig & Sweeney, New York, N.Y.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the district court judgment is **AFFIRMED** in part and **REVERSED** in part.

Plaintiff-Appellant Franklin Lord, *pro se*, appeals from the September 22, 2009 judgment of the United States District Court for the District of Connecticut (Hall, *J.*) dismissing his complaint. Defendant-Appellee International Marine Underwriters moves to strike exhibits from Lord's appellate brief. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

This Court reviews *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The 'fundamental notion' of the doctrine of collateral estoppel, or issue preclusion, 'is that an *issue of law or fact* actually litigated and decided by a court of competent jurisdiction in a

2

prior action may not be relitigated in a subsequent suit between the same parties or their privies.'" *Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir. 2008) (quoting *United States v. Alcan Aluminum Corp.*, 990 F.2d 711, 718-19 (2d Cir. 1993)). Collateral estoppel generally applies if: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was 'actually litigated and actually decided,' (3) there was 'a full and fair opportunity for litigation in the prior proceeding,' and (4) the issues previously litigated were 'necessary to support a valid and final judgment on the merits.'" *Id.* (quoting *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir. 1986)).

The district court concluded that collateral estoppel barred Lord's claim that the defendants had failed to return the insurance premiums to him because, in a prior action, *Commercial Union v. Lord,* 224 F. App'x 41 (2d Cir. 2007) (summary order), the insurance policy at issue was rescinded and found to be void *ab initio* based on Lord's misrepresentations in the application. However, Lord's assertion that the defendants improperly failed to return his premium payments is not clearly identical to the issue raised in *Commercial Union*. The judgment in *Commercial Union* would bar Lord from contending that the issuer, Commercial Union, failed to tender payment to him, as he admitted in that litigation that Commercial Union had tendered the refund of his premium payments and the insurance policy could not have been rescinded if Commercial Union had not offered to return the premiums. *See Duksa v. City of Middletown*, 472 A.2d 1, 4 (Conn. 1984) (finding that, before rescission can be granted, the plaintiff must demonstrate that he has restored, or offered to restore, the defendant to its former condition). In order to obtain that judgment, Commercial Union was required to establish only that it tendered the premium payments to Lord, not that he actually received them. *See, e.g.*,

3

*Paul Revere Life Ins. Co. v. Pastena*, 725 A.2d 996, 998-1000 (Conn. App. Ct. 1999) (affirming rescission of insurance policy where the plaintiff-insurance company issued the defendant-insured a check for the amount of the premiums paid, and the insured returned the check to the insurance company).

Thus, to the extent that Lord premises his breach-of-contract claims on the fact that the defendants failed to return his insurance premiums to him after Commercial Union's tender, his claims are not barred by collateral estoppel. We question, however, whether Lord's claims in this respect have been sufficiently pleaded. *See Iqbal*, 129 S. Ct. at 1949 (requiring a plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Nevertheless, as the defendants have not raised this issue, either before the district court or on appeal, we decline to address it in the first instance. *See, e.g.*, *Schonfeld v. Hilliard*, 218 F.3d 164, 184 (2d Cir. 2000). On remand, the district court may, in the exercise of its discretion, decide to permit the plaintiff, who is appearing *pro se*, an opportunity to amend his complaint to cure, if he can, any deficiencies.

We have reviewed the remainder of Lord's contentions on appeal, including his argument that the statute of limitations should have been tolled under the "continuing course of conduct" doctrine, and conclude that they are without merit. Therefore, except for Lord's claim concerning the failure to return the premiums, we affirm the dismissal of Lord's complaint for substantially the reasons stated by the district court in its thorough opinion.

The motion to strike the exhibits to Lord's brief is granted, as the documents contained in those exhibits were not filed in the district court, and this Court's review is limited to the record on appeal. *See* Fed. R. App. P. 10(a)(1) (defining record on appeal as, in relevant part, "the

4

original papers and exhibits filed in the district court"); *Loria v. Gorman*, 306 F.3d 1271, 1280 n.2 (2d Cir. 2002) ("Ordinarily, material not included in the record on appeal will not be considered.").

Accordingly, the judgment of the district court is **AFFIRMED** in part and **REVERSED** in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk