15-769-cv, 15-913-cv
*Commercial Union Ins. Co. v. Lord*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand sixteen.**

PRESENT:   JOSÉ A. CABRANES,
                    CHESTER J. STRAUB,
                    RAYMOND J. LOHIER, JR.,
                                *Circuit Judges.*

---

COMMERCIAL UNION INSURANCE COMPANY,

  *Plaintiff-Appellee,*

  v.                                                                Nos. 15-769-cv, 15-913-cv

FRANKLIN LORD, JR.,

  *Defendant-Appellant.*

SHARON SCHUMANN,

  *Defendant.*

---

**FOR PLAINTIFF-APPELLEE:**                    David R. Hornig & Val Wamser, Nicoletti
                                                                   Hornig & Sweeney, New York, NY.

**FOR DEFENDANT-APPELLANT:**             Franklin Lord, Jr., Stonington, CT.

Appeal from a February 13, 2015 order of the United States District Court for the District of Connecticut (Dominic J. Squatrito, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Defendant-appellant Franklin Lord, Jr., ("Lord") appeals from a February 13, 2015 order of the District Court denying his March 27, 2014 motion to reopen its October 7, 2005 grant of summary judgment to plaintiff-appellee Commercial Union Insurance Company ("Commercial Union"). *See Commercial Union Ins. Co. v. Lord*, 392 F. Supp. 2d 402 (D. Conn. 2005), *aff'd sub nom. Commercial Union v. Lord*, 224 F. App'x 41 (2d Cir. 2007). Lord filed his motion to reopen the District Court's 2005 judgment pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a Rule 60(b) motion for "abuse of discretion." *See Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015).[1] "A district court is said to abuse its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *Id.* (alterations and internal quotation marks omitted). Upon independent review of the record and relevant law, we conclude that the District Court did not abuse its discretion here.

Rule 60(b)(3) provides that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment . . . for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Such a motion must be made "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Lord filed his motion more than eight years after the District Court's entry of judgment. His motion is therefore untimely insofar as it is predicated on fraud that Commercial Union allegedly perpetrated against him.

A "motion to vacate for fraud committed upon the court," however, "is not subject to [Rule 60(b)'s] one year limitation period." *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002); *see* Fed. R. Civ. P. 60(d)(3) ("This rule does not limit a court's power to . . . set aside a judgment for fraud on the court."). Nevertheless, insofar as Lord's motion is predicated on fraud that Commercial Union allegedly perpetrated against the District Court, it is meritless. "Fraud upon the court[,] as distinguished from fraud on an adverse party[,] is limited to fraud which seriously affects the

---

[1] "As we have often explained, 'abuse of discretion' is a distinctive term of art that is not meant as a derogatory statement about the district judge whose decision is found wanting." *Vill. of Freeport v. Barrella*, 814 F.3d 594, 610–11 (2d Cir. 2016) (some internal quotation marks omitted).

integrity of the normal process of adjudication," and "should embrace only that species of fraud which does or attempts to . . . defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *King*, 287 F.3d at 95 (alterations and internal quotation marks omitted). Lord's allegations do not rise to this level of severity.

## CONCLUSION

We have considered all of Lord's arguments on appeal and found them to be without merit. Accordingly, the February 13, 2015 order of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk